## TYLER v. WESTERN UNION TEL. CO.

### (Circuit Court, W. D. Virginia. ·March 18, 1893.)

1. TELEGRAPH COMPANIES — DELAY IN DELIVERY OF MESSAGE—INJURY— MENTAL SUFFERING.
    Mental suffering, and consequent injury to health and unfitness for business, which result from the negligent delay of a telegraph company to deliver to a father a message announcing a fatal injury to his son, whereby the father is prevented from securing medical attendance, and from reaching his son before the latter's death, do not constitute a cause of action by the common law of Virginia. Wilcox v. Railroad Co., 52 Fed. Rep. 264, 3 C. C. A. 73, followed.

2. SAME—VIRGINIA CODE.
    Code Va. § 2900, providing that any person injured by the violation of any statute may recover damages, although a penalty be fixed for such violation, merely preserves any right of action the injured person may have, and does not give him any new right of action.

At Law. Action of trespass on the case, brought in the circuit court of Virginia for Alleghany county by J. O. Tyler against the Western Union Telegraph Company, for injuries resulting from neg-

ligent delay in the delivery of a message. The defendant removed the cause to this court. On demurrer to the declaration. Sustained.

Statement by PAUL, District Judge:

The plaintiff in this case brought his action in the circuit court of the state of Virginia for the county of Alleghany on the 18th of January, 1892, and it was thereafter, to wit, on the 7th of June, 1892, removed into this court upon the petition of the defendant company, under the provisions of the act of congress approved March 3, 1875, entitled "An act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from the state courts, and for other purposes," as amended by the act of congress approved March 3, 1887. The plaintiff alleges that on the 25th day of September, 1891, the defendant company, for and in consideration of the charges then and there paid to said defendant company at Asheville, N. C., by one J. W. Morgan, undertook and faithfully promised that it would carry, transmit, and convey from Asheville, N. C., to the plaintiff, at Clifton Forge, Va., the following message, to wit:

"Asheville, N. C. 25.

"To J. O. Tyler, City: Fred is badly hurt. Come at once.

"J. W. Morgan."

—That said message was sent to plaintiff at Clifton Forge, Va. That it was afterwards, to wit, on September 25th, at 5:30 P. M., 1891, received duly by said defendant company at Clifton Forge, Va. That plaintiff was then and there and afterwards a citizen and resident of Clifton Forge, Va., and that he was in that place on the said 25th of September, 1891. That said message showed on its face the importance of its being promptly delivered by said defendant company to the plaintiff, but that the defendant company did not convey, transmit, and deliver the said message to the plaintiff promptly, as it was the duty of the defendant company to have done, but wrongfully held, kept, and retained possession of the same until late in the following day, to wit, September 26, 1891; whereby plaintiff was prevented from seeing his sick son, waiting upon him, and from furnishing him special medical attention, and employing learned surgeons and physicians, by whose attentions the life of his son might have been saved, and that he was prevented from seeing his son alive, whereby, the plaintiff alleges, he has suffered great agony of mind, and has been unfitted for attending to his business as he was theretofore able to do, has been impaired in his health and strength, and has suffered in mind and body, to the damage of plaintiff $4,900. The defendant in this case demurs to the declaration on the ground that an action for damages cannot be maintained where it is based on mental suffering alone.

Benjamin Haden, for plaintiff.

Robert Stiles, for defendant.

PAUL, District Judge, (after stating the case as above.) The contention of the defendant is that damages for mental suffering can only be allowed where it is the result of and connected with a physical injury. This is clearly the doctrine of the common law, and, so far as the court is informed, there has been no departure from it in Virginia. The court has been cited to a number of decisions in other states which are an innovation on this well-established principle, but a careful reading of these cases will show that the courts rendering the decisions were compelled, in most of the cases, to seek other grounds for their justification than the naked fact of mental suffering from the negligence of the defendant. All of the cases cited were actions against the defendant in this case. The result of this class of decisions is that, if the message was such as to put the telegraph company on its guard as to its great importance, and thus bring home to its notice that its failure to promptly deliver the mes-

sage would probably result in great grief and mental suffering to the sender or sendee of the message, then the action can be maintained for the mental suffering occasioned by the negligent failure of the company to deliver the message promptly. The court deems it unnecessary to enter into a critical examination of these cases and the reasoning on which their conclusions rest. The doctrine has not the sanction of the highest state court in Virginia. The question has never been directly presented to the supreme court of the United States, but the question as to when mental suffering can be considered as an element in ascertaining the damages to which a plaintiff is entitled was considered in Gilmer v. Kennon, 131 U. S. 22, 9 Sup. Ct. Rep. 696, and in Telegraph Co. v. Hall, 124 U. S. 444, 8 Sup. Ct. Rep. 577. In these cases it was held that damages may be allowed for mental suffering when it is the result of and flows from physical injury. But this question has recently been passed upon and settled, so far as this court is concerned, by a decision of the circuit court of appeals of the United States for the fourth judicial circuit in Wilcox v. Railroad Co., 52 Fed. Rep. 264, 3 C. C. A. 73. This was an action brought by the plaintiff to recover damages to the amount of $5,000 for "great distress of mind, anxiety, mortification, and suspense" suffered by him in consequence of the failure of the defendant company to furnish a special train which he had contracted for, to enable him to go to his father, who was lying in a dangerous illness. There was also a second cause of action, which does not concern the case before the court. The appellate court took up the question "whether an action can be maintained which claims damages for an alleged 'distress of mind, anxiety, mortification, and suspense' resulting from the nonperformance of a contract, no personal injury and no pecuniary loss having been sustained or pretended," and say:

> "The authorities are substantially agreed on the proposition that pain of mind, as distinct from bodily suffering, can be considered in actions for damages from injuries to the person, and for pecuniary loss and expense, or like causes, incident to such injuries. But we know of no decided case which holds that mental pain alone, unattended by injury to the person, caused by simple negligence, can sustain an action. It was said in Lynch v. Knight, 9 H. L. Cas. 598, that 'mental pain and anxiety the law cannot value, and does not pretend to redress where the unlawful act complained of caused that alone.' We think there was no error in the court below in sustaining the demurrer in this case, and in holding that 'in an action for the breach of a contract damages cannot be recovered for disappointment and mental suffering alone, there being no allegation of any other damage.'"

Counsel for plaintiff, however, contends that the negligence of the defendant company complained of was a violation of a penal statute of the state of Virginia, to wit, section 1292 of the Code of Virginia, and that, under the provisions of section 2900 of the Code of Virginia, his action can be maintained. Section 1292 prescribes the duties of telegraph and telephone companies, and fixes a penalty for their failure to perform said duties, and section 2900 is as follows:

> "Sec. 2900. Any person injured by the violation of any statute may recover from the offender such damages as he may have sustained by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages."

It is very evident that the purpose of section 2900 was merely to preserve to an injured person the right to maintain his action for the injury he may have received by reason of the wrongdoing of another, and to prevent the wrongdoer from setting up the defense that he had paid the penalty of his wrongdoing under a penal statute. It cannot be supposed that in enacting section 2900 the legislature had the remotest idea of creating any new ground for bringing an action for damages. It was only intended to keep the subject just where it was under the common law before the enactment of section 1292, prescribing the duties of telegraph and telephone companies, and fixing a penalty for their failure to perform said duties. The language of the statute is, "Any person injured by the violation of any statute," etc., and we are brought back face to face with the question, what constitutes in law the injury referred to by the statute? Certainly, as we have already shown above, it cannot be "disappointment and mental suffering only, there being no allegation of any other damage." And counsel for plaintiff, as if anticipating this, has alleged in his declaration and argued that there has been physical suffering and injury resulting from the mental anxiety of the plaintiff, and undertakes in his argument so to weave the two together as to give the injuries the nature necessary for the maintaining of this action. But the court thinks the sickening of the body in consequence of anxiety of mind is too remote a result of the negligence complained of to give the case the elements which it should possess in order to maintain the action. As has been said by Lord Campbell, quoted by Wharton on Negligence, (section 73:)

"If the wrong and the legal damage are not known by common experience to be usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action."

The demurrer is sustained.