PEAY *v.* WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered January 8, 1898.

TELEGRAPH COMPANY—DAMAGES—MENTAL ANGUISH.—Damages for mental pain and anguish are not recoverable for a negligent failure of a telegraph company to make prompt delivery of a telegram.

Appeal from Greene Circuit Court.

WILLIAM H. CATE, Judge.

### STATEMENT BY THE COURT.

This action was commenced to recover damages by the appellant against the appellee for a failure to deliver promptly the following telegram, sent to appellant, at Paragould, Ark., to-wit:

"Central City, Ky., 6–23–1894.   To James Peay, City: Sallie, Dot, Saline Smith, and Jim Maddox killed in accident at McHenry to-day.   Madge Smith seriously injured.

"[Signed]   ED BATSILL."

The complaint stated that the telegram was received at Paragould, Arkansas, where plaintiff resided, at 9.15 o'clock p. m., and that it was not delivered until 8.10 o'clock the next morning; that if it had been promptly delivered, the plaintiff could and would have left Paragould on a north-bound train on the Cotton Belt railroad that departed thence at or about 8.30 a. m., of said morning, and would have reached McHenry, Kentucky, in time to have attended the funeral of the persons named in the telegram who were killed, and to have ministered to the wants of the person named therein who was injured, who, the complaint alleged, were all of close kin to the plaintiff.   The complaint further alleged that, by reason of the delay in delivering said telegram, he could not leave Paragould on that road till the second morning succeeding the day of the receipt of the telegram, by the company's agent at Paragould, or arrive at McHenry, Ky., until after the burial of the relatives of his, who had been killed in the accident referred to; and that, by reason of such delay in delivering said telegram, he was deprived of the opportunity to attend the burial of his dead relatives, or to administer to the wants of his relative who was injured; that, by reason thereof, he suffered great mental anguish, disappointment and grief, and was damaged one thousand dollars.   A general demurrer to the complaint was sustained, and the plaintiff declined to amend.   Judgment was rendered against him, and he appealed to this court.

*Luna & Johnson*, for appellant.

An action may be maintained for damages for mental pain and anguish, independently of physical injury.   55 Tex. 308; 59 Tex. 563;   66 Tex. 580;   69 Tex. 739;   71 Tex. 723;   71

Tex. 507; 72 Tex. 654; 73 Tex. 422; 75 Tex. 537; 75 Tex. 26; 76 Tex. 66; 76 Tex, 217; 79 Tex. 649; 80 Tex. 407; 81 Tex. 271; 82 Tex. 364; 82 Tex. 539; 82 Tex. 545; 84 Tex. 38; 85 Tex. 261; 85 Tex. 580; 1 Tex. Civ. App. 297; 86 Tenn. 695; 107 N. C. 370; 107 N. C. 449; 123 Ind. 294; 35 N. E. 564; 90 Ky. 265; 89 Ala. 510; 39 Fed. 181; 22 So. 73; 62 N. W. 1; 58 N. Y. Sup. 58; 21 S. C. 429; 43 Ark. 529; 37 S. W. 545; Gray, Com. by Telegraph, § 65; 4 Lawson, Rights, Remedies & Prac. § 1970; 2 Thompson, Neg. p. 847, § 7; Thompson, Electricity, § 379; Sedg. Dam. (8 Ed.) § 894; 1 Suth. Dam. (2 Ed.) pp. 2, 156, 157, 298 and 300; 3 *ib.* 975–980; Sh. & Red. Neg. (2 Ed.) § 605; 29 Am. Law Rev. 212; 33 C. L. J. 5; 44 C. L. J. 176, and cases cited; Sand. & H. Dig., § 7332. As to what notice is requisite to put the company on notice of the importance of the message and the relationship of the parties, see 20 S. W. 834; 18 S. W. 709; 12 S. W. 949; 12 S. W. 860; 12 S. W. 857; 12 S. W. 41; 86 Tenn. 695. The sendee or beneficiary of the telegram can maintain the action. 20 S. W. 860; 44 C. L. J. p. 177. Even if it be conceded that there was no such action maintainable at common law as this one, the reason of it is that the exigencies which demand the rule have arisen lately, and hence the law must meet them. 62 N. W. 1; 3 Scam. 301; 1 Gray, 263, 266 and 268; 8 S. W. 580.

*Rose, Hemingway & Rose* and *Geo. H. Fearons*, for appellee.

The complaint of plaintiff fails to disclose any injury for which the law affords redress because, (1) There was nothing on the face of the telegram to put defendant on notice that the delay complained of would cause the damage alleged. 3 Suth. Damages, 216; 54 Ark. 22; 10 S. W. 323; 76 Tex. 217; S. C. 13 S. W. 70; 123 Ind. 294; S. C. 24 N. E. 164. (2) It does not appear, from the complaint, that the plaintiff's failure to attend the burial was the necessary result of the delay in delivering the telegram. Even if defendant was negligent, it was plaintiff's duty to make reasonable exertions to save himself from loss. 105 U. S. 224, 229; 105 U. S. 709; 80 Fed. 878; 75 Ala. 168; 2 Greenl. Ev. § 267, note 3; 9 Ark. 394, 401, 402 and 403; 3 Greenl. Ev. § 51. (3) Even if the com-

plaint properly stated a case of negligence by defendant, and the mental pain and anguish was the damage sought to be compensated, it did not state a cause of action. 3 Suth. Dam. § 295; Wood's Mayne on Damages, 75; Cooley, Torts, 270, 271, 602, 603, 604, 605; 3 Suth. Dam. §§ 715, 716; 24 Ark. 61; Pierce, Railroads, 302; Pollock on Torts (Enlarged Ed.), 54, 55, 56; 2 Greenl. Ev. § 267; Thompson, Electricity, 369; Field, Damages, § 26; *ib.* § 73; 26 Am. & Eng. Enc. Law, p. 862; *id.* 855; 9 H. L. Cas. 598; 5 H. & N. 534; 2 C. & P. 131; 11 East, 27; 13 L. R. App. C. 222; 131 U. S. 22, 26 and 27; 52 Fed. 264; 62 Ill. 320; 60 Fed. 551; 45 Ia. 569; 27 Kas. 544; 10 La. An. 38; 71 Me. 227; 3 Suth. Dam. § 716, and note; 9 Barb. 459; 1 Cush. 451; 135 Mass. 153; 99 Mass. 281; 114 Mass. 518; 16 Mich. 447; 61 Miss. 355, 361; 74 Mo. 147; 47 Hun, 355; 17 N. Y. 54; 23 Atl. 310; 53 Vt. 190; 73 Wis. 147, 152; 59 Tex. 563; 55 Tex. 310; 151 N. Y. 107; 45 N. E. 354; 85 Ill. 331; 33 Ark. 350; 36 Ark. 41, 51, 52, 53; 53 Ark. 117, 127; 54 Ark. 404; 43 Ark. 529; 42 Wis. 23; 38 Ind. 116; 59 Tex. 563; 86 Tenn. 695 [dissenting opinion]; 57 Fed. 471; 44 Fed. 554; 47 Fed. 544; 54 Fed. 634; 55 Fed. 603; 59 Fed. 433; 52 Fed. 264; 133 U. S. 22; 39 Kas. 93; 17 Pac. 807; 3 Dak. 315; 19 N. W. 408; 68 Miss. 748; 9 So. 823; 14 So. 148; 15 S. E. 901; 88 Ga. 763; 37 Pac. 1087; 22 S. W. 345; 57 N. W. 973; 59 N. W. 1078; 42 N. Y. Sup. 1109; 151 N. Y. 107; 45 N. E. 354; 59 N. W. 1078; 9 So. 823; 15 S. E. 901; 8 S. W. 574, 581; 12 S. W. (Tex.) 534; 47 N. E. 88. Pecuniary detriment is necessary to recovery. 47 Ark. 344. Our statute [§ 7332, Sand. & H. Dig.] does not cover such a case as this. The damage there referred to is not mental anguish. 33 Ark. 350; 24 Pac. 303, 306. Plaintiff was not even entitled to nominal damages, since the telegram was delivered.

*Luna & Johnson* and *W. C. Rodgers,* in reply.

The presumption is that a telegraphic message is important. 45 C. L. J. pp. 191–192, and cases cited. If the company desired more definite information on the point, it was its duty to inquire. 33 N. E. 238; 82 Tex. 89; 42 S. W. 636; 96 Ga. 688; 85 Tex. 580; 75 Tex. 531: 72 Tex. 654; 133 Ind. 294; 82 Tex. 539; 71 N. W. 219. The delay in delivering was

unwarranted and negligent. 63 Ark. 344. The doctrine of
the English law is against the recovery asked in this case, but
the reason is found in the fact that the sending of telegraphic
messages is a newly arisen subject of litigation, and hence has
no place in the English common law. L. R. 4 Q. B. 706; 29
Am. L. Rev. 220, and cases. See opinions of American text
writers on the point in Thompson, Electricity, § 424; Suth. Dam-
ages (2 Ed.) 975 *et seq.*; 5 Lawson, Rights, Rem. & Prac. 1970;
Sedgwick, Damages (8 Ed.), 894; Gray, Comm. by Telegraph,
§ 65; 29 Am. L. R. 221; Hall, Damages, 103 *et seq.*; 31 Am.
Law Rev. 589. A telegraph company is a common carrier. 13
Cal. 422; 44 Neb. 326; 105 U. S. 460, 464; 4 S. D. 105; 106
Md. 178; 29 Am. L. Rev. 224; 17 Neb. 126, 134; 53 Ark.
434. Primitive damages may be awarded in this case. 22
So. 474; 30 Ark. 612; 15 Ark. 555; 19 Ark. 51, 62; 20 Ark.
332; 58 Ark. 136. Gross negligence of defendant is not
necessary to a recovery. 69 Tex. 739; 72 Tex. 654; 58 Ark.
354, 357. Plaintiff is entitled to both primitive and compen-
satory damages in this case. 22 So. 474, 475; 54 Tex. 131–
133; 53 Ark. 434; 58 Ark. 354–357; 33 S. W. 742; 85 Tex.
580; 76 Tex. 66. The rights of plaintiff having been infringed,
he is entitled to redress. 2 Ld. Raym. 938, 958; 3 Bl. Comm.
23; 3 Sumner, 189, 190; 58 Conn. 1; 6 Mod. 45, 46, 53; 23
Atl. 1027; 27 Am. L. Rev. 1; 9 H. L. Cas. 580.

HUGHES, J., (after stating the facts.) Pretermitting dis-
cussion of other questions in this case, we proceed to consider
the main and more important question involved. In considering
this question, the labor of the court has been minimized in the
investigation of cases by the full and excellent briefs of coun-
sel on both sides of the question.

The question we propose to consider is, whether or not
injury to the feelings,—anguish and pain of mind,—unattended
by physical injury, occasioned by the breach of duty on the part
of the telegraph company, in failing to deliver the telegram
promptly, can be regarded as an element of damages, under the
law? Are damages recoverable at law for mental anguish,
caused by the negligent omission of duty upon the part of the
telegraph company, when such mental anguish is independent
of and unaccompanied by physical injury of any kind? Upon

this question the decisions of the courts of last resort are not harmonious.

While there is considerable conflict in the adjudged cases upon this question, we are of the opinion that the better considered cases are against the right of recovery for mental pain and anguish, unaccompanied by physical injury. The best cases we have read which so hold are *Chapman v. W. U. Telegraph Co.*, 88 Ga. 763; S. C. 15 S. E. 901; *W. U. Telegraph Co.* v. *Rogers*, 68 Miss. 748; S. C. 9 South. 823; *Francis* v. *Western Union Telegraph Co.*, 59 N. W. 1078; *Connell* v. *W. U. Telegraph Co.*, 116 Mo. 34; S. C. 22 S. W. 345. See also *West* v. *W. U. Tel. Co.*, 39 Kas. 93; S. C. 17 Pac. 807; *Russell* v. *W. U. Tel. Co.*, 3 Dak. 315; *Butner* v. *W. U. Tel. Co.* (Oklahoma), 37 Pac. 1087; *Summerfield* v. *W. U. Tel. Co.*, 57 N. W. 973; *Curtin* v. *W. U. Tel. Co.*, 42 N. Y. Supp. 1109.

The first case in this country of which we have any knowledge that held damages recoverable for mental anguish, independent of physical injury, is the case of *So Relle* v. *W. U. Tel. Co.*, 55 Tex. 308; 40 Am. Rep. 805, decided in 1881. Judge Lumpkin, in his able discussion of this question in *Chapman* v. *Western Union Telegraph Co.*, says that the court in the So Relle case "adopts as law a bare suggestion made by the text writers, Shearman and Redfield, in their work on Negligence, vol. 2, sec. 756;" and that the cases referred to in the opinion were actions for physical injuries, of which the mental agony forms an inseparable component. The decision in the So Relle case is followed in Texas in quite a number of other cases, and the doctrine seems to have involved that court in some inconsistencies commented upon in *W. U. Tel. Co.* v. *Rogers*, 68 Miss. 748; S. C. 9 So. Rep. 823. This doctrine, which seems to have had its origin in this country in Texas, has been followed in *Beasley* v. *W. U. Tel. Co.*, 39 Fed. Rep. 181 (U. S. circuit court for Tex.); *Chapman* v. *W. U. Tel. Co.* (Ky.), 13 S. W. 880; *Young* v. *W. U. Tel. Co.*, 107 N. C. 370; S. C. 11 S. E. 1044; *Wadsworth* v. *W. U. Tel Co.*, 86 Tenn, 695; S. C. 6 Am. St. Rep. 864; *Western U. Tel. Co.*, v. *Henderson*, 89 Ala. 810; S. C. 18 Am. St. Rep. 348; *Reese* v. *W. U. Tel. Co.*, 123 Ind. 294; S. C. 24 N. E. Rep. 163; Thompson on Electricity, § 378, *et seq.*; and in Iowa, in *Mentzer* v. *W. U. Tel. Co.*, 62 N. W. 1.

In case of *Wadsworth* v. *W. U. Tel. Co.*, 86 Tenn. 695; 6 Am. St. Rep. 864, Judge Caldwell delivered the opinion of the court, and maintained his position with much ability; but we are of the opinion that the very able dissenting opinion in that case by Judge Lurton announces the correct doctrine. We adhere to the doctrine announced in the cases which hold that for mental pain and anguish alone, unaccompanied by physical injury, damages are not recoverable at law. We could not hope to add anything in support of this view to the able, full and elaborate discussion of this question in the cases we have referred to.

It is not to be controverted that in cases of torts that produce physical injury, attended with mental suffering, the mental suffering is an element of damages recoverable in an action at law, because they are so intimately connected as to make separation impracticable. So, also, damages may be recovered for torts that are willful, and calculated to injure the feelings, but only in aggravation of damages, on account of the wanton and willful character of the wrong done; but no action lies for injury to the feelings merely, or for mental anguish alone.

It will be borne in mind that the damages claimed in this case are alleged to have been caused by a breach of contract. In a majority of instances the breach of a contract merely causes disappointment, annoyance and more or less mental trouble or distress. But it would be an unwarranted stretch of the law, in our opinion, to hold that, for mental anguish caused by violation of a contract merely, damages could be recovered in an action at law. We do not think that damages for mental pain and suffering alone can be measured by any practical or just rule. It is asked, what difference can there be between allowing damages for mental pain and anguish unattended with physical injury, and allowing damages for pain and anguish resulting from physical injury? There is this difference with us,—that damages for mental pain and anguish caused by physical injury have always been allowed by law, while damages for mental pain and anguish, unattended with physical injury, have been allowed by law only since the decision of the So Relle case in 1881, when the Texas court departed from the doctrine of the common law, which we

think sound, and announced a new doctrine, unsupported by the authority, as we believe, of any well-considered case before it. While we do not want to be understood as clinging to ideas and doctrines that are ancient, because they are ancient merely, if they are contrary to reason and right, yet we have great respect for the conservatism of the law, and will not depart from its long and well-settled doctrines, supported by eminent authority, and founded in reason and justice.

Even if the difference in principle between allowing damages for mental pain and anguish, the result of physical injury, and disallowing damages for such pain and anguish unaccompanied by physical injury, be such as not to be defined,—merely chimerical,—this is no reason why we should say that damages for mental anguish, independent of physical injury, should be allowed. No statute allows them in such case; the common law does not allow them; and, in our opinion, the weight of adjudication is against the right of recovery in such cases. In determining a principle in the law which, in its application, at least, seems to be new and but recently thought of, it is highly important to consider precedents, and is legitimate, in our view, to look to consequences that will follow, as 'certainly as night follows the day, from the recognition of a doctrine that will affect most seriously the welfare of the people. The intolerable and interminable litigation such a doctrine would foster is beyond the reach of an ordinary imagination.

The decisions of the state courts repudiating this doctrine find support in the decisions of the courts in England. In *Lynch* v. *Knight*, 9 H. L. Cas., 598, the court says: "Mental pain or anxiety the law cannot value, and does not pretend to redress, when the unlawful act causes that alone." In *Allsop* v. *Allsop*, 5 Hurl. & N., Pollock, C. B., said: "We ought to be careful not to introduce a new element of damage, recollecting to what a large class of actions it would apply, and what a dangerous use might be made of it." In *Victorian Railway Com'rs* v. *Coultas*, L. R. 13 App. Cases, 222, the court holds that an action cannot be maintained for mental shock unaccompanied by physical injury. This seems to be the settled doctrine of the courts in England.

35

In the case of *L. R. & F. S. R. Co.* v. *Barker*, 33 Ark. 350, Judge English, in delivering the opinion, said: "There must be a loss to the claimant that is capable of being measured by a pecuniary standard, * * * and mere injury to the feelings cannot be considered." Pp. 359 and 60. He said this is the rule in England, under Lord Campbell's act, and, in this country, under similar statutes. However the precise question at bar has not been decided in this court before this.

The federal courts have also repudiated the doctrine that an action can be maintained for mental pain and anguish not accompanied with physical injury, in *W. U. Tel. Co.* v. *Wood*, 57 Fed. 471; *Chase* v. *W. U. Tel. Co.*, 44 Fed. Rep. 554; *Crawson* v. *W. U. Tel. Co.*, 47 Fed. Rep. 544; *Tyler* v. *W. U. Tel. Co.* 54 Fed. 634; *Kester* v. *W. U. Tel. Co.* 55 Fed. Rep. 603; *Gahan* v. *W. U. Tel. Co.*, 59 Fed. Rep. 433; *Cobb* v. *W. U. Tel. Co.* (Kas.), 84 Fed. ——. Only one federal court in Texas has followed the Texas cases, as far as we know.

In Wood's Mayne on Damages at p. 75, it is said: "Mental anguish of itself has never been treated as an independent ground of damages, so as to enable a person to maintain an action for that injury alone; neither has insult nor contumely." Pierce on Railroads, says, (p. 302): "Mental is not readily distinguished from physical suffering. Pain of mind, when connected with bodily injury, is the subject of damages; but it must be so connected in order to be included in the estimate, unless the injury is accompanied by circumstances of malice, insult or inhumanity." See Pollock on Torts (Enlarged Am. Ed.), 54, 55, 56, and note by editor, p. 56; 2 Greenl. Ev. 267; Field, Dam., §§ 26, 73; 26 Am. & Eng. Enc. Law, p. 862.

Several of the recent text writers have approved the doctrine of the Texas courts, notably Thompson on Electricity, and Sedgwick on Damages.

To support the opinion in the So Relle case, § 756 of Shearman & Redfield on Negligence is quoted in the opinion, which is as follows: "In case of delay or total failure of delivery of messages relating to matters not connected with business, such as personal or domestic matters, we do not think that the company in fault ought to escape with mere nominal damages." This may be true, but, if so, it presents a

question for the action of the legislature. The courts do not make law, but determine what it is, not what it ought to be. At farthest, this is their legitimate province, only.

After the fullest argument by the learned counsel in this cause, and the best consideration we have been able to give the question, we are all agreed that no recovery can be had at law for damages for mental suffering alleged to have been endured in this case, no physical injury having been alleged.

The judgment of the circuit court is affirmed.