## ALEXANDER v. WESTERN UNION TELEGRAPH CO.

(Circuit Court, E. D. Virginia. March 26, 1903.)

### No. 306.

1. TELEGRAPHS—DEATH MESSAGES—DELAY—MENTAL ANGUISH—ACTIONS.

An action against a telegraph company for delay in delivering a death message cannot be maintained for the recovery of damages consisting of mental anguish alone, either under Acts Va. 1899–1900, p. 724, providing for the recovery of damages for delay in the delivery of telegraph messages, or independent of such act.

2. SAME—DAMAGES—CERTAINTY.

In an action for delay in delivering a telegram announcing the death of plaintiff's father, plaintiff could not recover expenses incurred in making a trip to attend the funeral when it was too late, he having been otherwise advised of his father's death, which he would not have incurred had the telegram been delivered, such damages being too uncertain and problematical.

Demurrer to Declaration.

R. T. Thorp, W. H. Venable, and Withers & Green, for complainant.

Hughes & Little, for defendant.

WADDILL, District Judge. The plaintiff in this action seeks to recover damages for alleged mental anguish and suffering sustained by him by reason of his inability to attend the funeral and burial of his deceased father, as a result of the failure of the defendant company to deliver a telegram advising him of such death, and also for special damages for expenses incurred in making a useless trip to attend the funeral, because of information of the death otherwise received, when it was found to be too late, and which trip the prompt delivery of the telegram would have avoided.

Nothing seems better settled now, by the great weight of authority, than that suits to recover damages for mental anguish alone will not be sustained. Citations to sustain this doctrine might be given almost without limit, but only two Virginia cases, one of the federal and the other of the state courts, will be cited. Tyler v. Telegraph Co. (C. C.) 54 Fed. 634; Connelly v. Telegraph Co. (Va.) 40 S. E. 618, 56 L. R. A. 663. In the first-named case, Judge Paul, in the United States Circuit Court for the Western District of Virginia, passed directly upon this question, and held that the action would not lie; and in the last-named case the Court of Appeals of Virginia rendered a similar decision, the latter case being since the passage of the act of the General Assembly of Virginia of the 2d of March, 1900 (Acts 1899–1900, p. 724), by which it was claimed that the remedy was specially given by statute to recover such damages. This, however, the court held not to be the effect of the act, and affirmed the action of the court appealed from dismissing the plaintiff's suit.

¶ 1. Damages for mental suffering from delay in delivering telegram, see notes to Chicago, R. I. & P. Ry. Co. v. Caulfield, 11 C. C. A. 571; Western Union Tel. Co. v. Coggin, 15 C. C. A. 250; Same v. Morris, 28 C. C. A. 62.

The plaintiff's averment that he was put to certain expenses by reason of having to take a trip to attend the funeral when it was too late, and which he would not have incurred had the telegram been delivered, should not bring about a different result, and entitle this action to be maintained. What the plaintiff might or might not have done under a different state of circumstances is rather too uncertain and problematical to form the basis of a lawsuit, and it should not be readily inferred that he, in any event, would not have incurred some expense and cost incident to an effort to reach his father's funeral had the telegram been delivered. Confessedly, he would have incurred the expense sued for if he had gotten the telegram, as he would have attended the funeral, and it is therefore for the mental anguish only that this claim could be maintained.

An order will be entered sustaining the demurrer.