WESTERN UNION TELEGRAPH COMPANY v. RAINES.

Opinion delivered April 30, 1906.

1. TELEGRAPH COMPANIES—RECOVERY OF DAMAGES FOR MENTAL SUFFERING.—Kirby's Digest, § 7947, which amended the law as to telegraph companies by making them liable in damages for their negligence causing mental suffering accompanied by physical injury, permits a recovery in such cases in the same manner and on the same conditions as other special damages. (Page 549.)

2. SAME—SPECIAL DAMAGES FOR MENTAL SUFFERING—NOTICE.—The liability of a telegraph company for negligence in receiving, transmitting or delivering messages which cause mental anguish depends upon its having had notice, before or at the time of receiving the telegram, of the special circumstances on account of which mental suffering would be caused by negligence in handling the message, and this notice may be given by or through the telegram itself or otherwise. (Page 549.)

3. SAME—NOTICE OF SPECIAL DAMAGES.—A telegram was sent to a physician in following words, "Operate tomorrow. Tell Scott not home until Thursday." The sender at the time notified the operator that the telegram was important. *Held* not sufficient to notify the telegraph company (a) that the operation was a serious one, or (b) that the physician was expected to be present at the operation, or (c) that the operation would be postponed if the surgeon was not present, and that such postponement would cause the sender to undergo mental anguish. (Page 552.)

35

Appeal from Dallas Circuit Court; *Z. T. Wood,* Judge; reversed.

*George H. Fearons* and *Rose, Hemingway & Rose,* for appellant.

1.   There was no actionable wrong, even for nominal damages. "All messages * * * shall be transmitted in the order of their delivery." Sand. & H. Digest, § 7331. A telegraph company has the right to establish reasonable office hours for its offices.   Crosswell on Elec. § § 421, 422; 103 Ind. 505; 107 Ky. 600; *Ib.* 829; *Ib.* 469; 22 R. I. 344; 62 S. W. 136; 31 S. W. 211; 66 S. W. 17; *Ib.* 592; 43 S. W. 1053.   The question of the reasonableness of the hours should be decided by the court, and not by the jury.   52 Ark. 406; 55 Ark. 138; 58 Ark. 334; 54 S. W. 963.   Testimony that, on certain occasions, messages had been delivered out of business hours was not sufficient to show an abrogation of the rule respecting hours, where it is testified *that they were so delivered for accommodation merely.* 66 S. W. 592; 62 S. W. 136.

2.   Delay in the delivery of a telegram, resulting only in a continuance of existing mental anguish, affords no basis of recovery.   75 Tex. 26; 30 S. W. 1105; *Ib.* 1107; 42 S. W. 549; 44 S. W. 538; 56 S. W. 568; *Ib.* 744; 59 S. W. 1127; 130 N. C. 447; 67 S. W. 515; 54 S. W. 825.

3.   If a telegraph company is guilty of negligence, but no injury results therefrom, nominal damages only can be recovered.   58 Ark. 29; 61 Ark. 613.

4.   It was error to refuse the sixth instruction asked by appellant.   53 Ark. 434; 35 Ark. 147.

*T. B. Morton* and *J. T. Richardson,* for appellee.

1.   Appellant's agent was told, when the message was delivered for transmission, that it was important, and the message itself was sufficient to put him on notice.

2.   Damages for mental suffering for negligence in the transmission or delivery of a telegraphic message may be recovered under the statute, and such recovery is in accord with the weight of authority.   Kirby's Digest, § 7947; 103 Am. St. Rep. 955; 6 *Ib.* 864; 18 *Ib.* 148; 92 *Ib.* 366; 57 *Ib.* 204; 34 So. 91. True. it is for the court to pass upon the reasonableness of the

hours, but there is nothing in the instructions complained of opposed to this rule. Notwithstanding appellant's rules as to office hours, if the agent received the message as one to be delivered without delay on account of its importance, it should have been delivered after office hours, regardless of the rules.   12 Ind. App. 136; 124 N. Y. 256; 107 Iowa, 356; 69 Miss. 658; 72 Tex. 654.

3. The sixth instruction asked for by appellant ought to have been given.   This is an action for tort, and not on contract. The rule in such cases is, not that the party is liable for such damages only as he can see or is advised are likely to flow from the breach, but that the injured person shall receive compensation commensurate with his loss or injury, and no more.   93 Iowa, 752; Cooley on Torts, 646, 647; Gray on Com. by Tel. § § 81, 82; Wharton on Neg. § 767.   Aside from appellee's statement to the agent, the wording of the message was sufficient to put appellant on notice of the importance of prompt transmission and delivery.   82 Tex. 529; 75 Tex. 531; 106 Iowa, 529; 96 Ga. 668; 69 S. C. 531.

BATTLE, J.   This action is for damages alleged to have been caused by delay in the delivery of the following telegram:

> "Little Rock, Ark. Oct. 19, 1903.
> "Dr. March,
>      "Fordyce, Ark.
> "Operate tomorrow.   Tell Scott not home until Thursday.
> [Signed]                                "J. M. RAINES."

Plaintiff, J. M. Raines, alleged that this telegram was delivered to the defendant, Western Union Telegraph Company, at its office in Little Rock, Ark., at 6 p. m. on the day of its date, and that, in consideration of fifty cents paid, it undertook to send the telegram promptly; that his wife had been brought to Little Rock for an operation, and that the presence of Dr. March, who was the family physician, was desired, and plaintiff had arranged with the doctor to come upon receipt of a telegram; that the message was received in Fordyce at 7:15 p. m., but was not delivered until ten o'clock the following day, though Dr. March was in town, a few blocks away, expecting the telegram; that the doctor did not receive it in time to get to Little Rock for the operation that day, and it had to be postponed until the next day;

that the operation was a delicate one, and Mrs. Raines was sub-jected to a nervous strain, which rendered her less able to survive it, and the delay caused plaintiff great mental anguish.

The defendant denied that the message was delivered at six o'clock, but says it was received at Fordyce at 7:15, and denies the charges of negligence.

There was a jury trial, and a verdict in favor of the plaintiff for $500 for injuries to feelings, and $8 for time and expenses.

The facts shown by the evidence adduced at the trial are sub-stantially as follows:

In October, 1903, plaintiff was residing in Fordyce, Ark. His wife had been in bad health for more than a year, suffering with pains in her right side. Dr. March, his family physician, advised him to take her to Dr. Runyan at Little Rock, which he did, leaving Fordyce at noon on the 18th of October, 1903, and reaching Little Rock at about 7 p. m. Dr. Runyan examined her on the next day, and decided that an operation was necessary, and set the 20th of October, 1903, for it to be performed. Plain-tiff promised Dr. March that if there was an operation to be per-formed he would telegraph him, and the doctor agreed, in that event, he would "come up." On the 19th of October, 1903, when the sun set, as shown by the almanac at 5:27 p. m., after sunset, when it was still light enough to see outdoors, but the lights were lit inside, he delivered the telegram sued on to one of defend-ant's employees, paid for it, and told him it was important, and should be sent promptly. The telegram was received at Fordyce after office hours, and was delivered to Dr. March on the 20th of October, 1903, too late for him to be present at the time the operation was to be performed, and he did not reach Little Rock until the 21st. The operation was postponed on account of the absence of the doctor until that day, when it was performed, and Dr. March was present. Mrs. Raines died the next day. The result of the operation would not have been different, had it been performed twenty-four hours earlier. Plaintiff testified that "the delay in Dr. March's coming and the consequent postpone-ment of the operation and his wife's changed condition caused him the greatest mental suffering."

The defendant asked and the court refused the following instruction to the jury:

ARK.]   WESTERN UNION TELEGRAPH CO. *v.* RAINES.   549

"6.   A party to a contract is only liable in case of a breach for such damages as he can see or is advised are likely to flow from the breach.   In this case there is nothing in the message to indicate that Dr. March was expected to come to Little Rock to attend the operation, or that the operation would be postponed if he failed to come; and it is not shown that the plaintiff communicated either of those facts to the defendant at the time of the delivering of the message for transmission.   There can, therefore, be no recovery in this case for more than the price of the telegram."

But the court modified and gave it as follows:

"6.   A party to a contract is only liable in case of a breach for such damages as he can see or is advised are likely to flow from the breach; and if you believe from the evidence that there was nothing in the message, nor in the statements and conduct of the plaintiff, to notify the defendant or its operators of the importance of an immediate delivery, and the defendant delivered the same within a reasonable time, then your verdict should be for the defendant."

Should the instruction as asked have been given?

Section 7947 of Kirby's Digest of the statutes of this State provides: "All telegraph companies doing business in this State shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages; and in all actions under this section the jury may award such damages as they conclude resulted from the negligence of the said telegraph company."   Before the enactment of this statute this court held "that for mental pain and anguish alone, unaccompanied by physical injury, damages are not recoverable at law."   *Peay* v. *Western Union Telegraph Company*, 64 Ark. 538.   The statute is an amendment of the law of this State as declared by this court, and makes damages for mental suffering recoverable in the same manner and on the same conditions as other special damages.

The damages recoverable under the statute are such as the jury may conclude resulted from the negligence of the telegraph company.   Such damages are allowed as a compensation for the mental anguish or suffering; and the liability of the company for the same depends upon its having had notice, before or at the

time of receiving the telegram, of the special circumstances on account of which mental suffering was caused by negligence in transmitting or delivering the message. This notice may be given by or through the telegram itself or otherwise.

Thompson on the Law of Electricity says: "There can be no recovery for a loss arising from special circumstances not communicated to the company at the time when the dispatch is delivered to it for transmission, or before it has assumed the undertaking, or before the time has elapsed within which it has become impossible for it to perform it so as to avoid loss. Unless, therefore, the language of the dispatch, as delivered to the agent of the company, shows its importance or urgency, this must be specially communicated; otherwise no more than the cost of sending the message which the sender has paid to the company can be recovered." Section 313.

Again he says: "As damages for mental suffering, injury to family affection and the like are given on the footing of compensation, the rule of *Hadley* v. *Baxendale* applies in such a sense that the company, in order to be held liable for such damages, must have had notice, either through the wording of the dispatch or otherwise, of the *special circumstances* in consequence of which a failure to transmit it seasonably and correctly will entail mental suffering; and such we find to be the law, as recognized in several decisions." Section 386.

Crosswell on the Law Relating to Electricity says: "The courts which hold that damages for mental suffering may be recovered in these cases base the recovery, as was stated in a previous section, upon the fact that the language of the message gives direct notice to the telegraph company that the message concerns important social events, and that negligence on its part is likely to be followed by mental suffering and distress to the parties, and that the subject-matter of the contract for transmitting the telegram is a matter of feeling only, and that as damages are allowed for pecuniary loss when the subject-matter of the telegram is a pecuniary transaction, so damages should be allowed for injury to the feelings when the subject-matter of the telegram is a transaction involving feelings." Section 649.

In *Kennon* v. *W. U. Telegraph Co.,* 126 N. C. 235, the court said: "In all the cases in this court (and in all others so far as

our researches go) in which a verdict for damages for mental anguish have been sustained, the telegraph company had notice that a failure to deliver might reasonably cause mental anguish to the sender or sendee, or to some one for whom the sender or sendee was acting as agent. In such case the damages for mental anguish are really actual damages in reasonable contemplation of both parties, if the message should not be delivered."

Again it says: "The messages in regard to which damages on account of mental anguish have been allowed in North Carolina are:

"*Young* v. *Telegraph-Co.*, 107 N. C. 370—'Come in haste, your wife is at point of death.'

"*Thompson* v. *Telegraph Co.*, 107 N. C. 449—'Father, come at once, mother is sick.'

"Havener's case, 117 N. C. 540—'Your mother is not expected to live; come at once.'

"Sherrill's case, 109 N. C. 527—'Tell Henry to come home. Lon is bad sick.'

"Lyne's case, 123 N. C. 129—'Gregory met accident; not live more than twenty-four, twenty-six hours.'

"Cashion's case, 124 N. C. 459—'Come at once, Mr. Cashion is dead. Killed while at work.'

"Landie's case, 124 N. C. 528—'Frank dead. Meet depot at Wadesboro. Bury him in Chesterfield. Grave three feet.'

"Dowdy's case, 124 N. C. 522—'Come home at once; baby is very sick.'"

The rule as to telegrams relating to sickness and death, and followed in the North Carolina cases, is stated in *Western Union Telegraph Company* v. *Kirkpatrick*, 76 Texas, 217; 18 Am. St. Rep. 37, is stated as follows: "In telegraph messages conveying information of sickness and death, if the language was sufficient to suggest that a near relationship existed between the person mentioned in the message and the person addressed, and that the object of the communication was to afford the latter the opportunity of going to his relative, it would be sufficient, without further notice, to render the company liable for damages for any mental suffering that should result to him from his being deprived of the consolation which his visit would have afforded, provided

the negligence of the company in failing to make a prompt delivery was the cause of the injury."

In the case at bar the plaintiff can not recover damages on account of the mental sufferings of Dr. March. Was there anything in the telegram to suggest to the defendant that plaintiff would suffer mentally by reason of delay in its transmission or delivery? It (telegram) does not indicate upon whom the operation was to be performed, or that it was to be an important or serious operation, but the contrary. On Monday, the 19th of October, 1903, he telegraphed to Dr. March, "Operate tomorrow. Tell Scott not home until Thursday." The operation was to be on Tuesday, and on Thursday he would be at home, which indicates it was not serious or important, so far as he was concerned, as he did not intend or expect to remain in Little Rock longer than one day after it was performed. There was nothing in it to indicate that Dr. March was expected to be present at the operation, or that it would be postponed if the doctor was not present at the appointed time. It indicated that there was only one thing that Doctor March was required, requested or expected to do, and that was to tell Scott that he would not be at home until Thursday, "and the reference to the operation is apparently a mere explanation of why he could not return till Thursday." The fact that he told the operator that the telegram was important did not indicate that the operation was serious, and that Dr. March was to be present, or suggest that, if he was not, plaintiff would undergo mental suffering. It could have as reasonably been construed that the message sent to Scott was important.

This action was brought to recover damages for mental suffering of plaintiff. The special circumstances in consequence of which the failure to transmit and deliver the telegram without delay entailed the mental suffering upon plaintiff were as follows: Dr. March was expected to come to Little Rock to attend the operation, or it would be postponed if he failed to do so. These special circumstances, or either of them, were not communicated by the telegram or otherwise to the defendant; and plaintiff was not entitled to recover damages. The defendant asked the court to instruct the jury to that effect, but the court refused to do so, and gave one in lieu thereof which did not inform the jury that plaintiff was not entitled to recover, if the

defendant had no notice of such special circumstances at the time of the delivery of the telegram. The court erred in refusing to give the instruction asked by the defendant.

Reversed and remanded for a new trial.

HILL, C. J., (dissenting.) In this case I think there was sufficient evidence to go to the jury on the question of notice to the company of the special circumstances of the case to render it responsible for the mental anguish resulting from a failure to promptly deliver the message. The message was to a physician, and his title given; its subject-matter was an operation, and the sender told the operator that it was important. Notice to the operator is notice to the company. 27 Am. & Eng. Enc. Law, 1061.

It was not necessary to tell the operator the diagnosis of the physician nor the gravity of the operation. If the profession of the addressee, the subject-matter of the telegram and the statements of the sender were sufficient to give notice to a man of ordinary common sense that the message was dealing with sickness, a dangerous operation or other distressful incident, then the company was sufficiently informed of the special circumstances to render it liable for mental anguish flowing from its failure to promptly deliver. *Kennon* v. *W. U. Telegraph Co.*, 126 N. C. 232; *Darlington* v. *Western Union Tel. Co.*, 127 N. C. 448; *Western Union Tel. Co.* v. *Church*, 57 L. R. A. 905; 27 Am. & Eng. Enc. Law, 1064.

Therefore the court was correct in modifying the 6th instruction as asked by appellant, and leaving this matter to the jury.