WILLS *v.* WESTERN UNION TELEGRAPH COMPANY.

4-7616                                          186 S. W. 2d 934

Opinion delivered April 16, 1945.

*Alfred Featherston,* for appellant.

*Francis R. Stark* and *W. C. Rodgers,* for appellee.

McFADDIN, J. Appellant seeks to recover damages for mental anguish.

Ira Cox was engaged in repairing a car belonging to Roy Johnson and his mother, Mrs. Mary Wills, who is the appellant. On April 3, 1944, Cox and Mrs. Wills sent Roy Johnson from Murfreesboro, Arkansas, to Little Rock, Arkansas, in search of needed parts for the car. The next day (April 4th) Roy Johnson filed with appellee in Little Rock a telegram to Ira Cox at Murfreesboro, Arkansas. When Cox received the message it read:

"Los Angeles, California.

Ira Cox

    Cox Store

        Murfreesboro, Arkansas

Found car parts. Please wire $10.00 care Western Union.        Roy Johnson."

The error on the part of the appellee was in having the message read as though it had been sent from Los Angeles, California, instead of Little Rock, Arkansas. When Cox received the message he notified Mrs. Wills. Together they inquired at the delivering office of the appellee to see if there was any mistake about the message having been sent from Los Angeles, California, instead of Little Rock; and they were advised that there was no mistake. The agent of the telegraph company indulged in the surmise, communicated to them, that Roy Johnson must have caught a plane to Los Angeles. On either April 6th, or April 7, 1944, Roy Johnson returned to Murfreesboro from Little Rock, bringing with him the needed parts for the car. He had borrowed money from a friend, after receiving no reply to this telegram. Mrs. Wills filed this action for mental anguish, alleging the facts substantially as above stated, and saying:

"That Mrs. Mary Wills endured great mental pain and anguish and suffering from that moment until the said Roy Johnson returned, being thereby led to believe that her son had left home and journeyed to a far country; or been kidnapped and carried there; and wondering why her son without any notice to her would make such a long journey and leave his kindred and friends without any previous notice; all to her damage in the sum of nine hundred dollars ($900)."

The trial court sustained a demurrer to the complaint, and appellant challenges the correctness of that order. Appellant points out (1) that this was an intrastate message, so the rule applicable to interstate messages does not apply; and (2) that his is an action based on § 14258 of Pope's Digest, which is Act 68 of 1903, and which reads in part as follows:

"All telegraph companies doing business in this State shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting and delivering messages; and in all actions under this section the jury may award such damages as they conclude resulted from the negligence of the said telegraph company. . . ."

We agree with these contentions of the appellant, but these contentions fall far short of establishing a right to a recovery.

Prior to this statute (§ 14258, Pope's Digest) there could be no recovery for mental anguish in the absence of prior physical injury. *Peay* v. *Western Union Telegraph Co.*, 64 Ark. 538, 43 S. W. 965, 39 L. R. A. 463. This was recognized in *Western Union Tel. Co.* v. *Raines*, 78 Ark. 545, 94 S. W. 700. So, any recovery sought by Mrs. Wills must be under this statute.

Mrs. Wills was neither the sender nor the addressee of the telegram, and we have frequently held that "one whose name is not mentioned in a telegram, and whose interest in the subject matter is not brought to the car-

rier's attention in a way that would cause a prudent person to believe that injury might result from the carrier's mistake, has no cause of action." *Western Union Tel. Co.* v. *Standridge,* 207 Ark. 959, 184 S. W. 2d 602; *Western Union Tel. Co.* v. *Swearengen,* 94 Ark. 336, 126 S. W. 1071; *Western Union Tel. Co.* v. *Weniski,* 84 Ark. 457, 106 S. W. 486; and see, also, Annotation in 72 A. L. R. 1207. At the time Roy Johnson sent the message from Little Rock, Arkansas, there was nothing in the message to apprise the telegraph company that his mother would suffer any injury from any negligence of the telegraph company, and there is no claim that he made any oral statements or representations to the telegraph company. So the Standridge case applies.

To void the rule just quoted, appellant points out that Mrs. Wills went to the telegraph agent at the point of delivery and was advised that the message came from Los Angeles, California. Appellant argues that Mrs. Wills' inquiry to the telegraph agent was information to the telegraph company of Mrs. Wills' interest in the message, so as to allow her to recover. To support this contention appellant cites *Western Union Tel. Co.* v. *Weniski, supra,* where we said:

"A telegraph company owes a duty to the transmission and delivery of messages only to persons of whose beneficial interest in the telegram the company receives information from the face of the telegram itself or from other sources; and it is liable for special damages only where notice of the facts which give rise thereto is received either from the face of the telegram *or from other sources.*"

But the inquiry of Mrs. Wills was several hours after the message had been delivered to Cox in Murfreesboro, Arkansas; and in *Western Union Tel. Co.* v. *Raines,* 78 Ark. 545, 94 S. W. 700, Mr. Justice Battle, in speaking of damages for mental anguish under our statute, said:

". . . and the liability of the company for the same (damages for mental anguish) depends upon its having had notice, *before or at the time of receiving the*

*telegram,* of the special circumstances on account of which mental suffering was caused by negligence in transmitting or delivering the message. This notice may be given by or through the telegram itself *or otherwise."*

The language in the Weniski case *"and other sources,"* and the language in the Raines case *"or otherwise"* broadens the source of information, but not the time of receipt of information by the telegraph company. The time of receipt is, as stated by Mr. Justice BATTLE, "before or at the time of receiving the telegram." So the subsequent inquiry by Mrs. Wills could not furnish information to the telegraph company, since the error had already been committed, and the message delivered.

Finally, appellant argues that the agent of the telegraph company at the point of delivery of the message told Mrs. Wills that the message was sent from Los Angeles, California; and appellant argues that this erroneous information caused Mrs. Wills mental anguish independent of any error in the telegram itself. But the plaintiff's complaint is clearly demurrable on any such contention. The cause of action for mental anguish under our statute (§ 14258, Pope's Digest) relates only to "negligence in receiving, transmitting and delivering messages." The agent furnished the erroneous information to Mrs. Wills several hours after the message had been delivered. So to say that the erroneous information caused her mental anguish is to place her cause of action as arising from an act done several hours after the "receiving, transmitting and delivering" of the message, and thus to make the cause of action entirely away from the statute. A study of the cases of *Western Union Tel. Co.* v. *Crenshaw,* 93 Ark. 415, 125 S. W. 420; *Geyer* v. *Western Union Tel. Co.,* 192 Ark. 578, 93 S. W. 2d 660; and *Western Union Tel. Co.* v. *Standridge, supra,* clearly shows that mental anguish must flow from the negligence in "receiving, transmitting and delivering" the message, otherwise, there can be no recovery under our statute.

We, therefore, hold that Mrs. Wills had no cause of action for mental anguish. No other damages were

claimed by her, so the judgment of the trial court is in all things affirmed.

MILLWEE, J., disqualified and not participating.