## WESTERN UNION TELEGRAPH COMPANY *v.* HARRIS.

### Opinion delivered October 18, 1909.

1. TELEGRAPH COMPANIES—RIGHT TO ADOPT RULES.—Telegraph companies have the right to prescribe reasonable rules and regulations for the operation of the business, including the right to prescribe reasonable hours during which messages may be sent and delivered at certain offices. (Page 604.)

2. SAME—DELAY—NEGLIGENCE.—Where a telegraph company's transmitting agent knows, or under the circumstances should know, that on account of the receiving office being closed there will be delay in delivering an urgent message which is intended for immediate delivery, it is incumbent on him to so inform the sender; and if he fails to do so the company is liable for damages resulting from such neglect. (Page 604.)

3. SAME—NOTICE OF OFFICE HOURS.—The agent of a telegraph company to whom a message is offered for transmission is bound to take notice of the office hours of the company at the office to which the message is to be sent. (Page 605.)

Appeal from Perry Circuit Court; *E. W. Winfield,* Judge; affirmed.

*George H. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. There can be no recovery in this case unless 73 Ark. 205 is overruled. 77 Ark. 533. The rule is well established that a telegraph company has the right to establish reasonable office hours for its offices, and that delay in the transmission of a message, caused by the fact that a terminal or intermediate office is

closed, is not an unreasonable delay, nor does it render the company liable for damages. Croswell on Electricity, § § 421, 422; 103 Ind. 505; 54 S. W. 963; 107 Ky. 600; 47 Atl. 881; 22 R. I. 344; 62 S. W. 136; 31 *Id.* 211; 66 *Id.* 17; 53 S. E. 985; 51 *Id.* 117; 66 S. W. 592; 32 S. E. 1026; 24 Fed. 119; 8 Bissell, C. C. 131.

2. There is no proof that the receiving clerk knew that the office at Perry was closed. It is impossible for a receiving clerk to know the office hours of all other stations. Croswell on Electricity, § § 421-2, and cases *supra*.

*Sellers & Sellers,* for appellee.

1. No rule to close at Perry is shown. But if there was the sender of the message should have been notified. 13 Am. St. 843; 116 S. W. 91; 66 Fed. 907; Gray on Communication by Telegraph, § 18. It is the duty of the agent to know the office hours of the different stations. 2 Thompson, Neg., p. 991, § 2452; 129 Fed. 321; 19 S. W. 149; 16 *Id.* 29; 159 Fed. 643; 21 Pac. 990; 43 S. E. 841; 55 Fed. 738; 30 Am. St. 579; 78 *Id.* 668.

2. Negligent ignorance is equivalent to actual knowledge. 1 Thompson, Neg., § 8.

3. The burden was shifted to appellant, as its agents alone had knowledge of the office hours at Perry. 16 Cyc. 936; 2 Enc. Ev., 809-10.

McCulloch, C. J. This is an action instituted by G. B. Harris against the Western Union Telegraph Company to recover damages for alleged negligent failure to transmit and deliver a telegraphic message. The plaintiff recovered judgment below, and the defendant appealed. There is practically no dispute as to the facts of the case, which are as follows:

In July, 1907, Harris resided at the village or town of Perry, in Perry County, Arkansas, and his wife went to Little Rock on a visit to one of her relatives, named Mrs. Pounders. While in Little Rock, she became critically ill, and at 8:30 P. M. Mrs. Pounders filed with the telegraph company for immediate transmission and delivery a message directed to the plaintiff Harris at Perry in the following words: "Your wife is very sick. Come down at once." If the plaintiff had received the message at any time prior to 10:35 o'clock that night, he could, and the

proof shows that he would, have taken a train at that hour which would have brought him to Little Rock and to the bedside of his sick wife in about two hours. The message was not, however, delivered to him by that time, on account of the fact that Perry, the receiving office, was not a night office, the office hours at that place being from 7:30 A. M. to 7:00 P. M. On this account he did not and could not leave Perry until the next morning. His wife became unconscious sometime before he reached her, but the proof shows that if he had received the message in time to take the 10:35 P. M. train at Perry he would have reached her bedside several hours before she became unconscious. She died on the same day without having regained consciousness after the plaintiff reached her bedside.

When the message was filed with the operator at Little Rock for transmission, the latter gave no information to the sender that the office at Perry was not a night office, and that the message would not, or might not, be delivered before the next morning. It was proved that there is a long distance telephone line between Little Rock and Perry, and that the plaintiff had a telephone in his house where he slept that night, and could have been reached by telephone.

The failure to deliver the telegraphic message to the plaintiff on the same night it was sent was manifestly due to the fact that Perry was not a night office, and that no operator was regularly maintained there during the hours of the night. This of itself would afford no grounds for recovery, for it is well established that telegraph companies have the right to prescribe reasonable rules and regulations for the operation of the business, including the right to prescribe reasonable hours during which messages may be sent and delivered at certain offices. *Western Union Tel. Co.* v. *Love-Banks Co.,* 73 Ark. 205; *Western Union Tel. Co.* v. *Ford,* 77 Ark. 531; *Western Union Tel. Co.* v. *Gillis,* 89 Ark. 483.

But it is insisted by plaintiff that his right of recovery is established by proof of the fact that the defendant's agent at Little Rock was guilty of negligence in failing to inform the sender that the message would not be delivered that night, so that another means of communication with the plaintiff could have been adopted, viz., the telephone. We are of the opinion

that this contention is well founded. The defendant's agent, when he received the message, knew or should have known that the message would not be promptly delivered on account of the fact that the receiving office was closed during the hours of the night. The message was filed for immediate transmission and delivery, and its urgency and importance appeared on its face. The sender had the right to assume that, as the message was received by the company for immediate transmission, if there existed any reasons why it could not be promptly delivered, information thereof would be then given, so that other means could be adopted. The agent of the company had no right to assume that the sender of so urgent a message knew of the necessary delay incident to awaiting the opening of the receiving office the next day, and he therefore was not justified in withholding or failing to give information that there would necessarily be considerable delay in sending the message. The rule is, we think, well established by the authorities that "if a telegraph company is unable, through a disarrangement of its lines or other cause, to do what it makes a business of doing, it must inform those who wish to employ it of the fact, and thus acquaint them with the advantage of employing other means." Gray on Communication by Telegraph, § 18; *Pacific Postal Tel. & Cable Co.* v. *Fleischner*, 66 Fed. 899; *Swan* v. *Western Union Tel. Co.*, 129 Fed. 318; *W. U. Tel. Co.* v. *Bruner* (Tex.), 19 S. W. 149.

The same principle is stated in another place as follows: "Where, from any cause, it is impossible to transmit the message, or where considerable delay will be necessary, and the operator is aware of the fact when the message is offered him, it is his duty to inform the sender, particularly when the message shows on its face the necessity or importance of its being speedily transmitted." 27 Am. & Eng. Enc. Law, 2 Ed. 1026.

This principle, we think, demands that where the company's transmitting agent knows or, under the circumstances, should know that on account of the closure of the receiving office there will be delay in delivering an urgent message which is intended for immediate delivery, it is incumbent on him to so inform the sender; and if he fails to do so, the company is liable for damages resulting from such neglect.

The further question then arises, whether or not the transmitting agent is bound to take notice of the office hours at the

receiving office. The evidence in this case is silent on the question as to whether or not the Little Rock agent knew that the Perry office was, in accordance with the rules, not open at night. This question is not free from doubt, and there is little authority on the subject. Judge Thompson, in his work on Negligence (vol. 2, § 2402), states his conclusion to be that the agent of the company ought to be held bound to know the rules of other offices with respect to office hours. We think this is the sound and just view of the matter, and that any other rule would work an injustice to those who deal with telegraph companies. It appears to us to be conveniently within the power of the company to furnish its agents with information as to the rules of various offices with respect to the hours within which messages may be received and delivered. In addition to this, it is within the power of one of the agents, when he receives a message for immediate transmission, to ascertain by inquiry over the lines whether the receiving office is at the time open for the receipt of messages so that he can give the necessary information to the sender.

We are of the opinion, therefore, that the facts of the case justify a recovery of damages by the plaintiff, so the judgment is affirmed.