WESTERN UNION TELEGRAPH COMPANY *v.* CRENSHAW.

Opinion delivered February 7, 1910.

1.  TELEGRAPHS AND TELEPHONES—DAMAGES FOR MENTAL ANGUISH.—There can be no recovery of damages for mental anguish against a telegraph company under Kirby's Digest, § 7947, unless there has been negligence in "receiving, transmitting or delivering messages." (Page 419.)

2.  SAME—NEGLIGENCE IN TRANSMISSION OF MESSAGES.—Where a night message, sent from a town in Oklahoma to an office in this State, had to be transmitted by way of a Missouri office, and that office was not kept open before 8 o'clock A. M., it was not negligence on the part of the telegraph company to fail to transmit the message in time to enable the addressee at Fayetteville, Ark., to take an 8:40 A. M. train on the following morning.  (Page 420.)

3.  SAME—WHERE CAUSE OF ACTION AROSE.—No recovery of damages for mental anguish on account of negligence in the receipt, transmission or delivery of telegraphic messages can be had in this State unless the cause of action arose in this State or in a State where damages for mental anguish could be recovered.  (Page 420.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge reversed.

### STATEMENT BY THE COURT.

On July 30, 1907, about 4 o'clock A. M. of that day, the father of appellee delivered to appellant at Okmulgee, I. T., the following telegram: "Edith Crenshaw, Fayetteville, Ark. Walter very low. Come at once," signed W. N. Crenshaw.

Appellee's father, before delivering the message to the agent of appellant for transmission, asked him if appellee would have plenty of time to catch the train leaving Fayetteville at 8:40 that morning, provided she received the telegram on time, and the agent answered in the affirmative. The father of appellee told the agent that it was important for appellee to take the 8:40 train from Fayetteville; that they were expecting her brother Walter to die at any time. And, after the agent informed the father of appellee that she would have plenty of time to take the 8:40 A. M. train, the latter delivered the telegram to the agent and paid him for sending same. The sender of the message knew nothing of appellant's office hours. Appellee had made arrangements to go to her brother in case he grew worse. The train left Fayetteville that morning at 8:40. The telegram was not received by appellee till 2:30 P. M. Her brother died that day at 5 o'clock P. M. There was no other way for appellee to go except by the train. She left the next morning and reached her home at 2:30 P. M. It would have taken appellee 15 minutes to get to the station after receiving the telegram. It was about one-third of a mile from telegraph company's office in Fayetteville to John Crenshaw's house, where appellee was staying. The operator who receives a telegram puts down the message as it is sent, then copies it, and, if the sendee has a 'phone, the message is usually 'phoned; if the sendee has no 'phone, the message is delivered by a messenger boy. There is no evidence showing that John Crenshaw had a telephone.

On July 30, 1907, there was a way wire between Okmulgee and Fayetteville, but no instrument was on it at Fayetteville, and the message could not have been sent from Okmulgee to Fayetteville over it. The proper route for the message in suit here was from Okmulgee to Oklahoma City; thence to St. Louis, Mo.; thence to Springfield, Mo., and thence to Fayetteville. That was

the regular and usual route selected because of the large and important relay offices at Oklahoma City, St. Louis and Springfield to handle telegrams filed at small towns like Okmulgee and destined to towns like Fayetteville, Ark., where only one man is engaged as manager and operator. The length of time for a message from Okmulgee to Fayetteville, Arkansas, if filed between 8 A. M. and 6 P. M., would be four hours. If between 6 P. M. and 8 A. M., it would be longer, because some of the offices close from 8 P. M. to 8 A. M.

The telegraph office at Springfield, Mo., does not open before 8 A. M. The message in evidence arrived at Springfield from St. Louis at 11:16 A. M. July 30, 1907, and was sent to Fayetteville at 1:25 P. M. the same day. It was shown that when a message was delivered to an operator for transmission he called the office to which he wanted to send the telegram. It was sometimes difficult to raise the agent at that office. As soon as he answered, the message was sent. It was shown that under the laws of Oklahoma Territory and the State of Missouri, in force July 30, 1907, damages for mental suffering alone could not be recovered.

The appellee alleged the delivery of the telegram as set out above for transmission from Okmulgee to Fayetteville, and avers that, "if defendant had promptly transmitted and delivered said message as it agreed and undertook to do, plaintiff would have arrived at her home in Okmulgee, and would have had the privilege of being with her brother, Walter, before his death; but defendant negligently failed to transmit and deliver said message, whereby plaintiff was prevented from reaching Okmulgee until after the death of her said brother, thereby causing her to suffer great mental pain and anguish."

She asked for damages in the sum of $1,500.

The appellant denied all the material allegations. The above facts were developed in evidence. Appellant asked the court to instruct the jury to return a verdict in its favor. The court refused the request. The court at the request of appellant told the jury that "the defendant cannot be charged with negligence for not handling the message in question at Springfield and Fayetteville, Ark., prior to 8 o'clock A. M.

Other instructions given by the court were as follows: "1.

If the jury find the issues for the plaintiff, they may award to her such damages as they believe resulted from the alleged negligence of the defendant, and, in estimating such damages, have a right to consider the mental anguish and pain suffered by plaintiff by reason of such negligence if shown by the evidence.

"2.   If the jury find that the plaintiff's father about 4 A. M. July 30, 1907, delivered to defendant's agent at Okmulgee the message to plaintiff set forth in the complaint, and further find that, before delivering said message to defendant for transmission, he inquired of defendant's said agent whether said message could be transmitted and delivered to plaintiff in time for her to take the train leaving Fayetteville for Okmulgee between 8 and 9 o'clock A. M. of said day, and was assured by defendant's said agent that said message would be transmitted to Fayetteville in time for plaintiff to take said train to Okmulgee, the defendant would not be excused from failure to deliver the message because received out of office hours fixed by the defendant for transacting business at Fayetteville or other points along its line, if plaintiff's father had at the time no knowledge of such office hours of defendant.

"3.   The burden is upon the plaintiff to show that defendant by the exercise of ordinary diligence could have transmitted this message from Okmulgee to Fayetteville and delivered it to her in time for her to take the train leaving Fayetteville for Okmulgee at 8:40 A. M. July 30; and if the evidence does not show that fact, you will find for the defendant, unless you find that defendant especially agreed to deliver the message in time for plaintiff to take 8:40 train.

"4.   The sender of a message is bound by the reasonable rules and regulations of the telegraph company under which it will be sent."

The jury returned a verdict in favor of appellee for $400. Judgment was entered for that sum, and appellant seeks to reverse the judgment by this appeal.

*Mechem & Mechem* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1.   (a)   The evidence failed to show that defendant was negligent in not delivering the message by the time when its delivery would have enabled plaintiff to reach her brother before

death.  (b) The negligence, if shown, occurred outside Arkansas, where no recovery can be had for mental anguish.  85 Ark. 268; 50 Ark. 156; 67 Ark. 295; 77 Ark. 531; 79 Ark. 451; 91 Am. St. 706; 31 So. 222; 37 S. W. 942; 49 S. E. 938; 80 S. W. 561.  The law of the place governs.

2.  There was no evidence of a contract to deliver in time for the 8:40 train.  97 Pac. 434.  No damage was shown.

3.  The court erred in refusing and giving as modified defendant's third prayer; as there was no evidence to sustain the instruction as given.

*McDaniel & Dinsmore,* for appellee.

1.  There is no error in the instructions—they were too favorable to appellant.  Reasonable regulation of office hours of any particular office must depend, largely, upon the character of the locality of that office and is, therefore, a mixed question of law and fact.  27 Am. & Eng. Enc. Law, p. 1037; 24 Fed. 119.

2.  The receiving agent at Okmulgee was, for the purposes of the message, the company, and it was bound for the failure to deliver, since the agent failed to inform the sender of the probable and almost certain delay.  *W. U. Tel. Co.* v. *Harris,* 91 Ark. 602; 40 Am. St. 847; 12 Am. St. 583; 47 *Id.* 799.

2.  This is an action *ex delicto,* and is governed by the law of *the place where the injury is done.*  57 Ark. 301; 50 Ark. 155; 53 Ark. 386; 197 Ala. 126; 38 Am. St. 170.

WOOD, J., (after stating the facts).  In some of its instructions the court bottomed appellee's right to recover solely upon the existence of the contract with appellant to send the message and its failure to do so.  The court in these instructions permitted appellee to recover, regardless of whether appellant had been negligent in "receiving, transmitting or delivering" the message.  This was error.  Under our statute there can be no recovery of damages for mental anguish unless there has been negligence in "receiving, transmitting or delivering messages."

The purpose of our statute was to allow recovery for mental anguish only in such cases.  *Arkansas & La. Ry. Co.* v. *Stroude,* 77 Ark. 109; act of March 7, 1903, Kirby's Dig. § 7947.  Under the law of Oklahoma Territory, where the contract was made, and at the time it was made, there could be no recovery for mental anguish in such cases.  But, even if it were otherwise, there

was no allegation that appellant was negligent in receiving the message without informing appellee's father of the rules and conditions under which it would have to be sent, so as to bring the case within the doctrine of the recent case of *Western Union Tel. Co.* v. *Harris,* 91 Ark. 602.

Nor was there any evidence that appellee suffered any damage by reason of any negligence on the part of appellant in receiving the telegram for transmission.

The court having instructed the jury that appellant could not be charged with negligence for not handling the message in question before 8 o'clock A. M. at Springfield, Mo., and Fayetteville, Arkansas, appellant had only 25 minutes in which to send the message from St. Louis to Fayetteville by way of Springfield, Mo., in order to get it to appellee in time to enable her to take the 8:40 A. M. train from Fayetteville to Okmulgee. For appellee says it would have required fifteen minutes for her to have reached the train after receiving the message. Under the method of transmitting messages shown by the evidence, we are of the opinion that negligence could not be predicated upon a failure of appellant to have delivered the message in controversy from St. Louis to Fayetteville to appellee in 25 minutes. Appellee's counsel say it was possible to do so. It may have been possible to have delivered the message to appellee in that time. But that is far from showing that appellant was negligent in not delivering it in that time. That burden, under the instructions, was on appellee. We are of the opinion that, according to the methods required for sending such messages, no negligence has been established in this case.

But, if negligence was shown, then the negligence occurred in Missouri, and no recovery could be had in Missouri for mental anguish alone. The contract itself was not made in this State, nor in a place where there could be a recovery for mental anguish, unaccompanied by physical injury. The negligence, if any, which gave a cause of action, under the statute, for mental anguish did not occur in this State or in any State where damages for mental anguish alone could be recovered.

We conclude therefore that in no possible view of the case was appellee entitled to recover. She does not come within the doctrine of any of the cases in which we have been called upon to

construe and apply our statute *supra.* See *Western Union Tel. Co.* v. *Griffin,* 92 Ark. 219, and cases there cited:

The judgment is reversed, and the cause is dismissed.