## WESTERN UNION TELEGRAPH COMPANY v. SEE.

Opinion delivered February 28, 1910.

TELEGRAPHS AND TELEPHONES—DAMAGES FOR MENTAL ANGUISH.—Where a contract for the transmission of a telegram was not made in this State, and the negligence in its transmission did not occur here, but occurred in a State where damages for mental anguish alone are not recoverable, such damages cannot be recovered in this State.

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; reversed.

*Geo. H. Fearons, Rose, Hemingway, Cantrell & Loughborough,* and *Mechem & Mechem,* for appellant.

1. The court should have instructed the jury to find for defendant. The evidence showed that the only negligence of appellant occurred in either Kansas of Missouri. 39 Kans. 93; 116 Mo. 34.

2. The court erred in refusing appellant's third instruction, submitting the contributory negligence of appellee's agent in failing to give sufficient address. 3 So. 566; 76 S. W. 613; 60 S. W. 687; 62 S. W. 136; 82 Ark. 127; 116 S. W. 895.

3. The court erred in refusing to instruct the jury that Whelan was the agent of appellee in writing the message. Jones, Tel. & Tel. § 317.

*Sam R. Chew,* for appellee.

1. The evidence sustains the finding that appellant was guilty of negligence. 77 Ark. 531.

2. The question of sufficiency of address was properly presented, and decided adversely to appellant. 77 Ark. 531; 89 *Id.* 375.

3. The question as to the negligence occurring in Missouri or Kansas was not raised below, and cannot be raised here for the first time. 64 Ark. 305; 71 *Id.* 242; 74 *Id.* 615; 76 *Id.* 48; 77 *Id.* 103. This is, however, no defense. 77 Ark. 531; 122 S. W. 489; Thompson on Electricity, § 427.

HART, J. Mrs. M. A. See instituted this action in the Crawford Circuit Court against the Western Union Telegraph Company to recover damages for a failure on the part of the latter to deliver to her a telegram announcing the death of her sister at Columbus, Kansas, whereby she was prevented from attending her funeral. The facts are as follows:

J. P. Galleher testified that on the 10th day of April, 1909, between 2 and 3 o'clock in the afternoon, he applied to the agent of the Western Union Telegraph Company at Scammon, Kansas, to send a message in the name of Mrs. Joe Francis to Mrs. M. A. See, at Fort Smith, Arkansas, announcing the death of their sister. That the agent wrote out the message and collected 45 cents for the transmission of the same. That about 5 o'clock of the same afternoon he inquired for the answer to the message, and, upon being told that none had been received, he paid the agent 45 cents to wire to learn if the telegram had been received by Mrs. See. That he told the operator to spell her name "Sea" or "See," as he had sent her mail both ways, which she had received. The burial took place about half past 2 o'clock on the afternoon of April 11, 1909. That, had the telegram been promptly delivered, Mrs. See could have reached Columbus in time for the funeral.

Mrs. M. A. See testified that on the 12th day of April, 1909, she received a letter from her sister, dated April 9, stating that she was sick and asking her to come. That she tele-

graphed that she was coming and went to Columbus on the same day. That afterwards, she inquired at the office at Fort Smith for the telegram, which she should have received, and was shown one addressed to "M. A. Shea." She further testified that she would have gone at once to Columbus had the telegram in question been delivered, and that she could have reached there in time for her sister's funeral.

J. P. Whelan, the telegraph company's operator at Scammon, testified that a boy stated to him that Mrs. Joe Francis wanted to send a message to her sister at Fort Smith telling her of the death of another sister at Columbus. Then he wrote out the message, and that the boy signed the name Mrs. Joe Francis to it. The message was filed at 2:59 P. M. on April 10, 1909, and is as follows:

"To Mrs. M. A. Sea,
        "Fort Smith, Ark.
    "Come at once. Sister at Columbus is dead. Answer.
                        . (Signed)    "Mrs. Joe Francis."

Ira Luntsford testified that he was the operator of the company, who received the message at Fort Smith. He produced a carbon copy of it, which he stated was exactly as he received it from the Kansas City office. The carbon copy read to Mrs. M. A. Shea, instead of Sea or See. On the 12th inst. information was received from the sending office, Scammon, that the name was See and not Shea, but the funeral had already occurred on the 11th inst.

H. C. Stannard, the manager of the company's office at Fort Smith, said that a message was received on the 10th of April, 1909, addressed to Mrs. M. A. Shea. That there was no street number on the message, and that Fort Smith was a city of 35,000 inhabitants. That he did not know the person to whom the message was addressed, and at once tried to find her by looking in the city directory and by seeking information at the postoffice; but failed to find her. That on the 13th inst. they received a message stating that the name was M. A. Sea, and that he again made effort to find her, but was not successful until the 14th inst. when he discovered that Mrs. M. A. See ran a boarding house on North Fourteenth Street in the city of Fort Smith.

In a trial before a jury there was a verdict for the plaintiff

in the sum of $500, and defendant has appealed to this court from the judgment rendered.

The undisputed evidence in this case shows that the negligence of the telegraph company occurred in the State of Missouri or of Kansas. Luntsford says that he was the operator at Fort Smith, who received the message from the Kansas City office, and that it was addressed to Mrs. M. A. Shea. Stannard, the manager of the telegraph company's office at Fort Smith, says that it was so addressed, and the plaintiff says that a message from her sister, Mrs. Joe Francis, announcing the death of her other sister at Columbus, was shown her on her return from Columbus, and that it was addressed to Mrs. M. A. Shea. Whelan, the operator at Scammon, says that he wrote the message, and that it was addressed to Mrs. M. A. Sea; but does not say anything about its transmission. The testimony shows that the telegraphic characters to send the word "Shea" are different from those to send "Sea," and the words are not *idem sonans*. So it must be taken as established by the undisputed evidence that the mistake in the name was made in transmitting the message by Whelan, or by the operator in the relay office at Kansas City, Missouri. In either event the negligence did not occur in the State of Arkansas, but must have occurred in the State of Missouri or of Kansas.

In neither of those States are damages for mental anguish recoverable against a telegraph company for negligence in failing to transmit or deliver a death message. *West* v. *Western Union Tel. Co.,* 39 Kan. 93; *Cannell* v. *Western Union Tel. Co.,* 116 Mo. 34. See also *Western Union Tel. Co.* v. *Ford,* 77 Ark. 531.

For the reasons that the contract was not made in this State and the negligence did not occur here, but occurred in a State where damages for mental anguish alone are not recoverable, the court should have directed a verdict for the defendant as requested by it. The precise question has been so recently determined by this court in the case of *Western Union Tel. Co.* v. *Crenshaw,* 93 Ark. 415; and *Western Union Tel. Co.* v. *Griffin,* 92 Ark. 219, that it is only necessary to say that the rule established by those cases controls the present case.

Therefore the judgment will be reversed, and the cause dismissed.