### 8119

#### MACKORELL BROS. v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—STRIKES—TELEPHONE—ISSUES.—It should be left to the jury to say whether due care and diligence required a telegraph company, who could not transmit a message on account of a strike on its lines, to transmit it by telephone.

   *Hellams* v. *Tel. Co.,* 70 S. C., 83, *explained.*

2. IBID.—IBID.—Where a telegraph company cannot deliver a message on account of a strike of its employees, it should so inform the sender. The mere fact that its employees are on a strike does not excuse delay in the transmission of a message, but the burden is on it to show the strike was not brought about by its own fault or negligence and that it exercised due care and diligence to supply the place of the striking employees.

   MR. JUSTICE WOODS *thinks this point should not have been considered in this case.*

3. REHEARING *refused.*

Before DEVORE, J., York, April term, 1910.   Reversed.

Action by Mackorell Brothers against Western Union Telegraph Company.   Plaintiff appeals.

*Messrs. Geo. W. S. Hart* and *John R. Hart,* for appellants.   *Mr. Jno. R. Hart* cites: *Defendant should have made a reasonable effort to transmit by other lines:* 82 S. C. 573; 2 Joyce on Elec. L., sec. 741.   *Defendant should have notified sender that message would be probably delayed:* 55 Fed. 738; 12 Ind. App. 17; 45 Mo. App. 433; 117 N. C.

352; 74 S. C. 300; 16 S. C. 529; 77 S. C. 174.  *These car-*
*riers should make reasonable effort to supply places of*
*strikers:* Jones on T. & T. Cos., secs. 361, 430; 159 Fed.
643; 55 Fed. 738; 36 Tex. Civ. App. 98; 2 Joyce., sec. 735;
29 Tex. Civ. App. 526.

*Messrs Geo. H. Fearons, John Gary Evans* and *Thos. F.*
*McDow,* contra.  *Mr. Evans* cites: *Telegraph Co. is not*
*in duty bound to deliver a telegram over a telephone:* 70
S. C. 83; 82 S. C. 513.  *A mere possibility of making a*
*contract is too uncertain to base a judgment for damages*
*upon:* 65 S. C. 490; 76 S. C. 345; 55 S. E. 777; 33 Wis.
567; 1 Am. Elec. Cas. 62-834; 29 So. 787; 1 Am. Elec.
Cas. 750; 54 S. W. 825; 13 Ky. 256; 102 N. W. 850; 8 So.
746; 40 S. C. 524; Jones on T. & T. 524; 51 S. E. 294; 56
S. E. 467; 52 S. E. 154; 47 So. 412.

The opinion in this case was filed on January 24, 1912,
but remittitur held up on petition for rehearing until

March 2, 1912.  The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK.  On 20th August, 1907, plain-
tiffs, who are wholesale grocers, filed with defendant's agent
at Yorkville, S. C., a night message, addressed to Dunlap
Milling Company, at Clarksville, Tenn., as follows: "Book
two thousand barrels same price as last contract."  The
addressee was engaged in the manufacture and sale of flour,
and the telegram was an order for two thousand barrels at
$4.75 each, that being the price at which the company had
last sold plaintiffs flour.  According to the testimony, the
custom of the trade is that if an order, like the one sent by
plaintiffs, is accepted, no notice of acceptance is given, and
where no reply to such an offer is received, the party making
it regards it as accepted and acts accordingly.  Receiving
no reply, plaintiffs regarded their offer as accepted and sold

flour to their customers on a basis of $4.75 per barrel, for which they had to pay $4.95 in the market to fill their contracts. If their telegram had been promptly delivered on the morning of the 21st, as it should have been, in due course, plaintiffs' order would have been accepted, but if it had been declined, they would have been notified, according to the custom of the trade, and they could and would have bought the flour elsewhere at the price which they offered the Dunlap Milling Company.

The message was transmitted to Nashville, Tenn., by telegraph, but, on account of a strike among defendant's employees, the defendant's office at Clarksville was closed, and the agent at Nashville forwarded it to the milling company by mail. On receipt of it, on August 22, the milling company declined to accept it, and so notified plaintiffs. There was a telephone line between Nashville and Clarksville and the addressee had a telephone in its office connected with that line. The message could have been telephoned from Nashville directly to the addressee. Defendant sent no service message notifying plaintiffs that its Clarksville office was closed, or of its failure to promptly transmit and deliver the message. When the message was filed, plaintiffs knew that there was a strike among defendant's employees and that some of its offices were closed on that account, but did not know the Clarksville office was closed. The testimony was conflicting as to whether plaintiffs were informed when the message was filed, that it would be received only "subject to indefinite delay" on account of the strike.

This action was brought to recover damages alleged to have resulted to plaintiffs on account of the failure to deliver the message promptly. Under the instructions given them, the jury found for the defendant, in whose favor judgment was duly entered.

The Circuit Judge erred in charging the jury that it was not the defendant's duty to telephone the message from Nashville to the addressee. This instruction was based

upon a misapprehension by his Honor of the decision of this Court in the case of *Hellams* v. *Tel. Co.*, 70 S. C. 83. In that case, the telegram was sent from Greenville, S. C., to Hellams, who was on Sullivan's Island, near Charleston, S. C. The island was connected with the city of Charleston by steamboats and also by telephone line, but Hellams had no telephone in his house. On the back of the blank upon which the message was written were the following words: "And this company is hereby made the agent of the sender without liability to forward any message over the lines of any other company when necessary to reach its destination." Construing this language, the Circuit Judge instructed the jury that if defendant could have forwarded the message by telephone and failed to do so, they should find for plaintiff, if they also found that due care and diligence in the transmission of the message required the forwarding thereof by telephone. On appeal, this Court held that this instruction was erroneous, holding that the words in the contract above quoted, "the lines of any other company," meant the lines of any other telegraph company; and not the lines of any telephone company. The Court also held that, as the proof showed that Hellams had no telephone in his house, to impose on defendant the duty of forwarding the message by telephone would have required the intervention of some third person through whom it would have had to be conveyed to Hellams, which would have impaired the confidential relations assumed in the handling of the telegram. In this case, the message could have been telephoned directly to the addressee, without in the slightest degree impairing the confidential relations assumed in undertaking to deliver it. The Court should have left it to the jury to say whether, under the circumstances, due care and diligence in the transmission and delivery of the message required defendant to forward it from Nashville to Clarksville by telephone. In *Sullivan* v. *Tel. Co.*, 82 S. C. 569, this Court said: "It is the duty,

however, of these companies, where they have been thus interferred with (that is, by a strike) to make a reasonable effort to transmit the telegram by other lines or other means, and on failure to do so, they will be held liable for all losses suffered."

Moreover, it was defendant's duty to notify plaintiffs, as soon as it discovered that it could not deliver the message promptly on account of the office at Clarksville being closed, so that they might take such further steps in the premises as they might have deemed necessary for the protection of their interests. The mere fact that the Clarksville office was closed, because the operative there had gone on a strike, does not excuse the delay. Before it can avail itself of that defense, the burden is upon the defendant to prove that the strike was not brought about by its own fault or negligence, and that it exercised due care and diligence to supply the place of the striking employee. Jones on T. & T. Cos., secs. 361, 365.

Defendant seeks to sustain the judgment on the ground that the Court should have directed the verdict in its favor. As there was some evidence in support of the facts hereinbefore stated, there was no error in refusing to direct the verdict. *Lathan* v. *Tel. Co.*, 75 S. C. 129.

Judgment reversed.

Messrs. Chief Justice Gary and Justice Woods *are the only Justices participating in this opinion. The Chief Justice concurs.*

Mr. Justice Woods, *concurring in the result.* I concur in reversing the judgment and in the reasoning of the opinion except in one particular. When delay in the carriage of goods or in the transmission and delivery of telegraph messages is due to a strike of the carrier's employees, the question whether the burden is on the carrier to prove that the strike was not brought about by its own negligence is a difficult and important one which seems not to be settled by

a controlling current of authority. The point is not made in the exceptions and its decision is not necessary to a disposition of the appeal. I think therefore the Court should not commit itself on the question until a case arises in which it is directly involved and the Court has had the benefit of full argument.

Petition for rehearing was refused by formal order filed March 2, 1912.