WESTERN UNION TELEGRAPH COMPANY *v.* TURLEY.

## Opinion delivered May 5, 1913.

1. TELEGRAPH COMPANIES—RIGHT TO ADOPT RULES.—A telegraph company has a right to prescribe reasonable hours for receiving, sending and delivering messages, and when the company has a rule that messages will be received and delivered only between 8 a. m. and 6 p. m., the telegraph company will not be liable for failure to deliver to plaintiff that night a message received at 6:30 p. m.   (Page 94.)

2. TELEGRAPH COMPANIES—CONFLICT OF LAWS—NEGLIGENCE—RIGHT OF ACTION.—When A in Mississippi contracted with defendant telegraph company to deliver a death message to B in Arkansas, and brought an action against the company in Arkansas for failure of its agent in Mississippi to notify A that the message would not be delivered to B until next morning on account of the office being closed, and no recovery is allowed in Mississippi for damages for mental anguish, there can be no recovery for the same in Arkansas.   (Page 95.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; reversed.

*Geo. H. Fearons, W. J. Lanier* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1.   The company had the right to prescribe reasonable hours for receiving, sending and delivering messages.   The message was received after hours, but was delivered early next morning.   32 S. E. 1026; 66 S. W. 592; 62 *Id.* 136; 47 Atl. 881; 51 S. E. 119; 91 Ark. 604; 47 Atl. 881.

2.   Damages for mental anguish are not recoverable under the laws of Mississippi.   69 Miss. 248; 82 *Id.* 101; 93 *Id.* 500; 94 Ark. 86; 93 *Id.* 415; 92 *Id.* 219.

3.   No notice was given the company of special circumstances, or special affection between the parties.   34 S. W. 649; 79 S. C. 259; 97 Tex. 22; 30 S. W. 298; 80 Ark. 554; 92 *Id.* 219.

*John Gatling, S. H. Mann* and *J. W. Morrow,* for appellee.

1.   The negligence complained of occurred in Arkansas.   The message gave notice of the relationship of

parties, and that mental anguish would result from fail-ure to deliver. 80 Ark. 554; 87 *Id.* 303; 99 *Id.* 117; 94 *Id.* 86; 93 *Id.* 415; 92 *Id.* 219; 77 *Id.* 531; 99 *Id.* 117; 87 *Id.* 303.

2. Upon proof that the telegram had been received for transmission, charges being paid, and the telegram was not delivered within a reasonable time, a *prima facie* case was established and the burden was on appellant to exonerate itself. 100 Ark. 296.

3. Defendant was guilty of negligence. 92 Ark. 230; 77 *Id.* 531; 99 *Id.* 117; 100 *Id.* 296; 102 Ark. 607. No effort was made to deliver the message. 91 Ark. 602; 37 Cyc. 1713-14.

McCULLOCH, C. J.    Separate actions were instituted in the circuit court of St. Francis County against appellant, Western Union Telegraph Company, by the sender and the addressee, respectively, of a message, to recover damages for mental anguish sustained by reason of negligence of the company in failing to transmit and deliver the message with diligence. The message was sent from Byhalia, Mississippi, to Forrest City, Arkansas, by one of the appellees, acquainting the other, who was his brother, of the death of their mother at Byhalia. The message was sent promptly from Byhalia, and was received at 6:30 o'clock P. M. at Forrest City, but was not delivered to the addressee until 8:15 o'clock the next morning. According to the undisputed testimony, the office hours of appellant for the receipt and delivery of messages were from 8 A. M. to 6 P. M. The telegraph office was kept open at night for railroad business, and what is termed commercial telegrams were sometimes received during the night for convenience, but were held for delivery until the office was opened the next morning. No messenger for the delivery of telegrams was kept in attendance during the night. The addressee lived in the town of Forrest City, and had a telephone in his residence.

The cases were tried separately and resulted in separate verdicts for the appellees.

Both cases are controlled by the same questions of law and will be disposed of in one opinion.

The court correctly instructed the jury that the company had the right to prescribe reasonable hours for receiving, sending and delivering messages, and that there could be no recovery for delay in delivering messages during the night. All question of negligence after the message was received at Forrest City was properly eliminated from the case. *Western Union Telegraph Co. v. Harris,* 91 Ark. 602.

The night operator at Forrest City, whose duty it was to receive messages, could have delivered the message to the addressee by telephone, and if there was any legal duty devolving upon him to make delivery during the night, the jury would have been warranted in finding that there was negligence. But the company had the right to prescribe rules for office hours, and to withhold the imposition of any duty upon the part of its employees to deliver messages during the hours of the night, and under those circumstances the company can not be held liable for failure of the night operator to deliver the message during the hours prescribed for closing the office. The failure of the operator to deliver the death message, which he could have conveniently done by telephone, was, under the circumstances, inexcusable, viewing his acts from the standpoint of moral duty to his fellow man; but the delivery of the message during the hours of the night did not fall within the line of his duty prescribed by his employer, and as the latter had the right to prescribe reasonable hours, it is not responsible for the failure of its servant to make the delivery. Any other conclusion on that point would nullify the right of the company to prescribe the hours for receiving and delivering messages.

There is some testimony tending to show that the sender of the message was misled by the operator at Byhalia into believing that the message had been promptly sent and would be delivered immediately to the addressee at Forrest City; and it is suggested that this

brings the case within the rule announced in *Western Union Telegraph Co.* v. *Harris, supra,* where we held that a telegraph company was liable for negligent failure of the sending operator to inform the sender of necessary delay on account of the delivering office being closed, thus preventing the sender from adopting other means of communication with the addressee. If there was any negligence in that respect it occurred in the State of Mississippi, where the contract was entered into, and in that State, mental anguish on account of nondelivery of a telegram is not an element of recoverable damages. · *Western Union Telegraph Co.* v. *Griffin,* 92 Ark. 219; *Western Union Telegraph Co.* v. *Crenshaw,* 93 Ark. 415; *Western Union Telegraph Co.* v. *See,* 94 Ark. 86.

The rule established by those cases is, that damages may be recovered on account of mental anguish where the contract for transmission of an interstate message was made in this State, or where the act of negligence occurred in this State, even though there could be no recovery in the State to or from which the message was sent. But, conversely, there can be no recovery on account of negligence in the transmission of such a message unless the contract was made in this State, or the act of negligence occurred here.

There are other questions urged affecting the liability of the company in each of these cases, but as the questions already discussed are controlling, it is unnecessary to discuss them. According to the undisputed facts in each case, the appellees are not entitled to recover damages. The judgment in each case is therefore reversed and the cause dismissed.