## 9106

### JONES v. WESTERN UNION TELEGRAPH CO.

#### (85 S. E. 370.)

TELEGRAMS. DELIVERY. NONDELIVERY. NOTICE TO SENDER. INCONSIST-ENT CAUSES OF ACTION.

1. TELEGRAMS—DELIVERY.—It is the duty of a telegraph company receiving a message for transmission to deliver it within a reasonable time; and if such company fails, through its wrongful acts, in this respect, it becomes liable for all damages proximately · resulting from such failure.

2. TELEGRAMS — NONDELIVERY. — Where a telegraph company, which received a telegram for transmission, discovers that conditions are such as preclude its transmission or delivery, it should notify the sender of the existence of such conditions.

3. ACTIONS—INCONSISTENT THEORIES.—A cause of action based upon the wrongful acts of a telegraph company preventing the delivery of a message, is inconsistent with a cause of action based upon its failure to notify the sender of its inability to make delivery.

4. INCONSISTENT ACTIONS.—A plaintiff cannot recover damages resulting from a telegraph company's wrongful failure to deliver a telegram, together with other damages resulting from its failure to notify the sender of conditions precluding the delivery of the same message.

Before HON. W. A. HOLMAN, special Judge, Columbia, June, 1914. Reversed.

Action by J. H. Jones and Sallie Jones against Western Union Telegraph Company. From a judgment for plaintiffs, defendant appeals. The facts are stated in the opinion.

FOOTNOTE.—As to the duty of a telegraph company to notify sender of message if it cannot be promptly transmitted or delivered, see note in 67 L. R. A. 153.

*Messrs. Geo. H. Fearons* and *Nelson, Nelson & Gettys,* for appellants, submit: *There was no duty upon carrier to advise the sender of its inability or failure to deliver the telegram;* and cite: 74 S. C. 300; 76 S. C. 529; 77 S. C. 174; 81 S. C. 432; 84 S. C. 1; *Ib.* 155; 92 S. C. 577; 92 S. C. 211.    *Freedom of contract:* 69 S. C. 526.

*Messrs. DePass & DePass* and *Alfred Wallace, Jr.,* for respondent, cite: 37 Cyc. 1667b; 90 S. C. 498; 129 Fed. 318; 67 L. R. A. 153; 84 S. C. 67; 79 S. E. 277; 77 S. E. 417; 81 S. C. 432; 74 S. C. 300; 77 S. C. 124; 92 S. C. 577.

May 17, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff through the wrongful acts of the defendant, in failing to deliver the following telegram:

"Killians, S. C., 10-23-1913.    To Dr. Langford, Blythewood, S. C.: Please come to see my wife.    J. H. Jones."

The jury rendered a verdict in favor of the plaintiff for $500 actual damages and $1,000 punitive damages.

The defendant made a motion for a new trial, which was granted unless plaintiff remitted $500 of the verdict for punitive damages, which sum was remitted and judgment entered for $1,000.

The defendant appealed, and the sole question is whether his Honor, the presiding Judge, erred in charging the jury as follows:

"A telegraph company owes to the sender of a telegram the duty to inform her promptly of inability to deliver the message to the addressee, and if it fails to do so, it is responsible in damages to the sender for any injury to him caused by such failure to notify the sender, the same as for failure to deliver promptly."

The complaint alleges: "That the defendant, as plaintiffs are informed and believe, negligently, recklessly, wilfully and wantonly, *failed to deliver* said message to Dr. Langford, although, as plaintiffs are informed and believe. the message could have reached Blythewood in a short time after being received at the office at Killians, and the defendant recklessly, wilfully and wantonly failed *to notify* the plaintiff, Sallie Jones, of the *nondelivery* of said message to Dr. Langford."

When a telegraph company receives a message for transmission, the law imposes upon it the duty of delivering the telegram within a reasonable time; and, if it fails through its wrongful acts in this respect, it becomes liable for all damages proximately resulting from such dereliction of duty.

If, however, it finds out that conditions are such as to cause inability on its part to transmit the telegram, then the law requires that it should send a service message notifying the sender why delivery cannot be made.

The obligation to *deliver* is primary in its nature, while the duty to send a *service message* is secondary, and arises from a different state of facts, viz., inability of a telegraph company, without fault on its part, to discharge its primary duty. *Mackorell* v. *Tel. Co.*, 90 S. C. 498, 73 S. E. 359, 875.

A cause of action for nondelivery, based upon the wrongful acts of the telegraph company, is inconsistent with a cause of action for failure to send a service message, for the reason that a cause of action for failure to send a service message presupposes and is predicated upon the theory that conditions which were brought about by no fault on the part of the telegraph company, and for which it is not responsible, were the cause of its inability to make delivery.

A plaintiff cannot recover damages for failure to send a service message, unless there was negligence or wilfulness on the part of the telegraph company, not in failing to deliver, but in the failure to send a service message, after ascertaining that conditions had arisen which rendered it powerless to make delivery. Therefore, a plaintiff cannot recover double damages—those caused by the wrongful failure to deliver, and those resulting from the wrongful failure to send a service message.

It will be observed that the complaint alleges that the plaintiff suffered damages, not only on account of the non-delivery of the telegram, but, also, on account of the failure to send a service message, and that under the charge of his Honor, the presiding Judge, the jury could render a verdict for actual and punitive damages for nondelivery, and also, for actual and punitive damages for failure to send a service message.

This was erroneous and prejudicial to the rights of the appellant, and may have been the cause of the amount of the verdict for punitive damages, which was reduced because his Honor, the presiding Judge, regarded it as excessive.

Judgment reversed and new trial granted.

Messrs. Justices Watts and Fraser concur in the opinion of the Court.

Mr. Justice Hydrick. I concur in the result. There should be a new trial because plaintiff's seventh request was inapplicable to the *facts of the case* and prejudicial to defendant. Dr. Langford was a member of the firm of Langford Brothers, whose store was across the street from the telegraph office. The testimony is that when he was not attending calls, he was usually about the store, and when he was absent, telegrams for him were nearly always left at the store, though not by his instructions or request. The agent of defendant who received this message testified that

he remembered receiving it, and thought that it was left at the store, where most of the telegrams for the doctor were delivered, or left for him, when he could not be found. He had no receipt for it or positive recollection of its having been left at the store, but felt sure it was delivered somewhere. Even if the company should, under some circumstances, inform the sender of nondelivery and the reasons therefor, it was not required to do so under the *facts of this case,* because it was supposed that a proper delivery had been made. It is unnecessary in this view to decide whether the failure to send a service message, when the circumstances require the sending of one, would give rise to a separate and distinct cause of action, or is a mere incident to the cause of action arising from the failure to deliver the principal message.

Mr. Justice Gage dissents.