## Postal Telegraph-Cable Company v. Johnson.

(Decided June 21, 1932.)

622

WOOTTON, HELM & WOOTON for appellant.

H. C. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

J. C. Johnson brought this suit against the Postal Telegraph-Cable Company and the Louisville & Nashville Railroad Company to recover for mental anguish alleged to have been caused by delay in delivering a telegram announcing the serious illness of his daughter, and their failure to notify the sender that the message could not be promptly delivered. From a verdict and judgment against the Postal Telegraph-Cable Company for $1,000, this appeal is prosecuted.

The facts are these: J. C. Johnson, the father of Jett Albin, wife of D. G. Albin, lived in Hazard, and had recently returned from Louisville where his daughter lay seriously ill at the Hazelwood Sanitarium. At 9:42 p. m., August 21, 1928, William Albin, accompanied by his brother, D. G. Albin, delivered to the Western Union Telegraph Company at its Fourth Avenue office in Louisville the following telegram:

"To J. C. Johnson 518 Maple Street Hazard, Kentucky
"Come at once Jett getting lower
"D. G. Albin"

On delivery of the telegram they gave to the Western Union operator their addresses, and, though they had no telephone, they had been receiving from the Western Union messages over a telephone in the house where they lived. They were not informed at the time that the message could not be put through that night. If they had been notified to that effect, they could have reached J. C. Johnson by long distance over the phone at the

home of his son. The message was transmitted over the Western Union wires and delivered to the Postal Telegraph-Cable Company at 10:08 p. m. the same evening. The Postal Company had no wires of its own between Lexington and Hazard, but used the wires of the Louisville & Nashville Railroad Company. Under rules established by the railroad company, its office at Hazard opened at 7 a. m. and closed at 10 p. m. As the message was received by the Postal Company after 10 o'clock p. m., it was not possible to put it through that night. It was sent the next morning, and reached Hazard at 7:32 a. m. That morning J. C. Johnson had left for work about 6:15 o'clock, and his working place was some distance from his residence. The message was delivered some time after 8 o'clock, and too late for Johnson to take the morning train for Lexington, which left about 7 o'clock. He did take a train leaving about 6 p. m., but, when he reached Louisville the next morning, his daughter was dead.

It may be conceded that the telegraph company could establish reasonable hours within which to transact its business, and that the mere receipt of a message for transmission after the terminal office had closed was not an act of negligence. Western Union Telegraph Company v. Bibb, 136 Ky. 817, 125 S. W. 257, 29 L. R. A. (N. S.) 502; Western Union Telegraph Co. v. Steenbergen, 107 Ky. 472, 54 S. W. 829, 21 Ky. Law Rep. 1289. It is equally clear that the delay of 32 minutes in transmitting the message the next morning was not the proximate cause of appellee's inability to reach the bedside of his daughter before her death. He had left his home at 6:15 a. m. and had gone to work some distance away. Even if the message had been transmitted promptly at 7 o'clock a. m. when the Hazard office opened, and had been delivered immediately, it was not possible for appellee to reach the station in time to take the 7 o'clock morning train for Lexington. It follows that the evidence of negligent delay was not sufficient to take the case to the jury. Howard v. Western Union Telegraph-Cable Company, 119 Ky. 625, 84 S. W. 764, 27 Ky. Law Rep. 244, 7 Ann. Cas. 1065, modification of opinion denied, 119 Ky. 625, 86 S. W. 982, 27 Ky. Law Rep. 858, 7 Ann. Cas. 1065.

But the case does not stop there. Failure of appellant to notify the sender of its inability to transmit the message immediately is also relied on as a ground of

recovery. The authorities support the rule that, where it is known to an agent of a telegraph company, or ought to be known to him, that because of defects existing along its line of communication, or for any other cause, there will be delay in transmitting a message, it is the duty of the agent to inform the sender of the facts in order that he may have an opportunity to accomplish his purpose in some other available manner, and the company is liable in damages for any failure to give such notice. Swan v. Western Union Telegraph Co., 129 F. 318, 63 C. C. A. 550, 67 L. R. A. 153; certiorari denied in 195 U. S. 628, 25 S. Ct. 787, 49 L. Ed. 351; Western U. Telegraph Co. v. Hill, 163 Ala. 18, 50 So. 248, 23 L. R. A. (N. S.) 648, 19 Ann. Cas. 1058, 21 Am. Neg. Rep. 1; Western U. Telegraph Co. v. Harris, 91 Ark. 602, 121 S. W. 1051, 24 L. R. A. (N. S.) 1283; Western U. Telegraph Co. v. Bierhaus, 12 Ind. App. 17, 39 N. E. 881; A. Englehard & Sons Co. v. Western U. Telegraph Co., 176 Ky. 806, 197 S. W. 435; Davis v. Western U. Telegraph Co., 198 Mo. App. 692, 202 S. W. 292; Laudie v. Western U. Telegraph Co., 126 N. C. 431, 35 S. E. 810, 78 Am. St. Rep. 668; Mackorell Bros. v. Western U. Telegraph Co., 90 S. C. 498, 73 S. E. 359, 875; Western U. Telegraph Co. v. Bruner (Tex. Sup.) 19 S. W. 149.

But appellant insists that the rule in Kentucky, as decided in Western Union Telegraph Co. v. Bibb, supra, is that the agent of a company receiving a message is under no duty to notify the sender that it cannot be transmitted promptly unless he knows that the terminal office was closed, and that there was no showing that this fact was known to appellant's agent at Lexington. We need go no further than to say that appellant's sole defense was that at the time the telegram was received from the Western Union the office at Hazard was closed. In the circumstances, its operator at Lexington either knew that the Hazard office was closed, or ascertained that fact when he attempted to send the telegram. Thus the situation was one where he was bound to know that the Hazard office was closed, and that there would be a delay of several hours in the transmission and delivery of the telegram. It is true that the cases imposing liability for failure to notify the sender when a message cannot be delivered promptly usually arise between the sender or sendee of the message and the company receiving the message, but we see no reason for not applying

the rule to an intermediate company that accepts and undertakes to transmit a message. Here the message was, ''Come at once Jett getting lower,'' and its urgent character appeared on its face. We therefore conclude that it was negligence on the part of appellant not to notify the Western Union at Louisville that the message could not be promptly delivered in view of the evidence that, if appellant had notified the Western Union, that company could have advised the sender and he could have communicated by telephone with appellee in time to have enabled him to take the next morning train for Lexington. It follows that appellant was not entitled to a peremptory instruction.

The court gave the following instruction:

''The Court instructs the Jury that it was the duty of the defendant, Postal Telegraph Cable Company, to deliver with reasonable promptness at Hazard, Kentucky, to the L. & N. Railroad Company the message which had been delivered to it at Lexington, Kentucky, and if you believe from the evidence that the defendant negligently failed to deliver the message within a reasonable time, or if it negligently failed to notify the sender of the telegram that the message could not be delivered within a reasonable time, then the law is for the plaintiff and you should find for him, and unless you so believe you will find for the defendant.''

There being no showing, as heretofore held, that appellee could have arrived at his daughter's bedside before her death if the message had been promptly transmitted and delivered the next morning after its receipt, the negligent failure to deliver the message within a reasonable time should not have been submitted to the jury. The instruction is also defective in other respects. It authorized a recovery if the jury believed from the evidence that the defendant negligently failed to notify the sender of the telegram that the message could not be delivered within a reasonable time, without requiring them also to believe that such failure, if any, prevented appellee from reaching the bedside of his daughter before her death. Furthermore, the Postal Company did not have the sender's address, and could not communicate with him except through the Western Union. In the circumstances, it was its duty not to notify the sender,

but to notify the Western Union that the message could not be delivered within a reasonable time. However, its failure to do so will not authorize a recovery, unless the jury further believe from the evidence that, if it had notified the Western Union, that company could and would have advised the sender, and he could and would have communicated by telephone with appellee in time to have enabled him to take the next morning train for Lexington.

We do not find any other errors in the record.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.